NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN M. NANCE,  :<br>  :<br>    Plaintiff,  :<br>        v.  :<br>  :<br>CITY OF NEWARK, NEWARK POLICE:<br>DEPARTMENT, JOSEPH J. SANTIAGO,:<br>THOMAS C. O'REILLY, ROBERT K:<br>RANKIN, JR., MITCHELL McQUIRE,:<br>MICHAEL O'CONNOR, JAMES DAVID:<br>O"CONNOR, WILLIE E. UNDERWOOD,:<br>DR. IRVING B. GULLER, JOSE COLON,:<br>DR. CHADRAKANT PATEL, JAMES E.:<br>TUNIS, ISABELLA CASTELLANOS,:<br>VINCENT BONGERMINO,  :<br>  :<br>    Defendants.  :<br>  : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 97-cv-6184 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

       This matter comes before the Court upon motions by Plaintiff Darren M. Nance ("Plaintiff") and Defendant City of Newark ("Newark") for reconsideration pursuant to Local Civil Rule 7.1(i) of this Court's Opinion and Order dated June 11, 2007 granting in part and denying in part Defendants Newark, Newark Police Department ("NPD"), Joseph J. Santiago ("Santiago"), Thomas C. O'Reilly ("O'Reilly"), Robert K. Rankin, Jr., ("Rankin") Michael O'Connor, James David O'Connor, Mitchell McQuire ("McQuire"), Willie Underwood ("Underwood"), James E. Tunis ("Tunis"), Vincent Bongermino ("Bongermino"), Jose Colon ("Colon"), Isabella Castellanos ("Castellanos"), Dr. Chadrakant Patel ("Dr. Patel"), and Dr. Irving B. Guller ("Dr. Guller")'s motion for summary judgment and denying Plaintiff's motion for summary judgment. After carefully

considering the submissions of the parties, and based upon the following, it is this Court's finding that Defendant Newark's motion for reconsideration is **denied** and Plaintiff's motion for reconsideration is **granted** in part and **denied** in part.

I. **BACKGROUND**[1]

On December 18, 1997, Plaintiff filed his Complaint against Newark, NPD, several named individuals employed by Newark and the NPD, named above, Dr. Guller and Dr. Patel. In his Third Amended Complaint, Plaintiff alleges eight counts of violations of the United States Constitution, the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Conscientious Employee Protection Act ("NJCEPA").

Newark employed Plaintiff, an African American male, as a police officer from October 16, 1989, until September 3, 1996, at which time Plaintiff's employment was terminated. During the period of his employment, numerous disciplinary proceedings were brought against Plaintiff, some of which resulted in Plaintiff's temporary suspension from duty. Plaintiff alleges that the suspensions, disciplinary actions and termination from the NPD were in retaliation for Plaintiff's persistent complaints to his superiors regarding disparate treatment and "double standards" afforded minority police officers.

In December, 1993, Plaintiff filed a discrimination lawsuit against Newark, the NPD and several of his superiors in the New Jersey Superior Court, Essex County, alleging that Defendants conspired amongst themselves to deny Plaintiff due process of law in their efforts to terminate his employment by generating false criminal charges and meritless disciplinary actions.

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' FED. R. CIV. P. 56.1 statements in their respective moving papers and in their respective motions for reconsideration's preliminary statements and procedural histories.

Plaintiff alleges his suit precipitated further retaliatory conduct such as forcing him to submit to drug screening and psychological testing. Plaintiff asserts that Defendants conspired to render a negative psychological report in order to silence him and used the report as a pretext to terminate Plaintiff's employment with the NPD.

Defendants respond that the disciplinary actions against Plaintiff and his ultimate termination occurred because of his repeated violations of the NPD's rules and regulations as well as his failure to conduct himself in a manner required of a NPD officer.

At summary judgment, Defendants moved on the grounds that Plaintiff could not establish any violation of his federal constitutional rights or substantiate any of the allegations of wrongful conduct on the part of the Newark Defendants, neither in their official nor individual capacities. Specifically, Defendants argued that all claims against individually named Newark and NPD Defendants in their individual capacities should be dismissed because of either qualified immunity, or because personal liability claims are not permitted as a matter of law. Defendants asserted that Plaintiff's official capacity claims against the Newark and NPD individual Defendants should be barred; that Plaintiff's claims against the NPD should be dismissed as redundant and duplicative of the claims against Newark; that all Newark and NPD Defendants are entitled to summary judgment on all claims arising under 42 U.S.C. §§1983 and 1985; that Plaintiff has failed to state a cause of action upon which relief may be granted in Count IV of his Complaint, alleging common law conspiracy; that Plaintiff's Title VII, NJLAD, NJCEPA Claims are insufficient as a matter of law and should thus be dismissed; and that Newark is entitled to summary judgment on Plaintiff's municipal liability claim because there is

an absence of material fact supporting municipal liability under 42 U.S.C. §1983.[2]

Plaintiff moved for summary judgment on the grounds that the charges lodged against him violated the 45-day rule and his constitutional rights; that the use of an officer's prior disciplinary proceedings to make a determination at trial is improper when used to prove the charge for which the officer is on trial; and that Plaintiff was deprived of a fair and impartial hearing and of due process when the members who had not heard all of the testimony participated in its deliberation and decision.[3] This Court denied Plaintiff's motion for summary judgment on these claims as this Court ruled that Plaintiff failed to make a *prima facie* case that he was entitled to summary judgment.[4]

On June 11, 2007, this Court issued its Opinion, ruling that the claims against the individually named Defendants in their personal capacity are dismissed because these Defendants are entitled to qualified immunity.[5] This Court also ruled that the claims against the individual Defendants under NJLAD and NJCEPA are dismissed because no relief is available to Plaintiff under these statutes when suing individual Defendants in their personal capacities.[6]

This Court also dismissed Plaintiff's claims against the individual Defendants in their official capacities because this Court found that bringing claims against individuals in their

---

[2] See generally Defendants' Brief in support of their motion for summary judgment.

[3] See generally Plaintiff's Brief in support of his motion for summary judgment.

[4] Nance v. City of Newark, Slip Op, WL 1695968 (June 11, 2007), at 33-35.

[5] Id. at 4-10.

[6] Id. at 10-13.

4

official capacities are essentially claims against Newark and the NPD, as employers of the individual Defendants when the NPD and Newark are also named Defendants in this action.[7] This Court dismissed Plaintiff's claims against the NPD because those claims are duplicative of Plaintiff's claims against Newark.[8]

Plaintiff moves for reconsideration of this Court's Opinion and Order granting summary judgment to Dr. Irving Guller. This Court ruled that Plaintiff failed to establish liability under §1983[9], that Plaintiff failed to establish conspiracy liability under §1985(3)[10], and that Plaintiff failed to establish common law conspiracy liability as to Dr. Guller.[11]

Plaintiff moves for reconsideration of this Court's Opinion and Order granting summary judgment to Newark on his First and Ninth Amendment claims. This Court ruled that Plaintiff failed to show that his alleged protected speech was the reason for his termination, or whether his speech was a matter of public concern, as such speech would have been protected by the First Amendment.[12] This Court ruled that Plaintiff failed to identify what additional constitutional rights were violated in order to maintain a cause of action under the Ninth Amendment.[13]

---

[7]Id. at 13-15.

[8]Id. at 15-16.

[9]Id. at 16-18.

[10]Id. at 18-19.

[11]Id. at 19-20.

[12]Id. at 26-30.

[13]Id. at 26.

Plaintiff moves for reconsideration of this Court's Opinion and Order dismissing the Newark conspiracy claims, but does not address the conspiracy claims in its motion for reconsideration.[14] Plaintiff moves for reconsideration of this Court's ruling dismissing the NJLAD claim against Newark. This Court ruled that Plaintiff failed to establish a *prima facie* case for retaliation, as is required under NJLAD, because Plaintiff failed to show that he was engaged in protected activity.[15]

Defendant Newark moves for reconsideration of this Court's Opinion and Order because this Court did not consider arguments pertaining to *res judicata* and the entire controversy doctrine. This Court did not consider these arguments because they were first brought to the Court's attention in Newark's reply brief.

Oral argument was heard on Plaintiff's and Defendants' motions for reconsideration on December 18, 2007.

## II.    STANDARD OF REVIEW

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy"

---

[14]Pl.'s Brief in support of his motion for Reconsideration, pp. 25-28.

[15]Nance, at 32.

6

that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

### III.    DISCUSSION

Plaintiff moves for reconsideration of this Court's June 11, 2007 Opinion and Order on several grounds, but essentially argues that this Court must reconsider its decision to correct a clear error of law.  Specifically, Plaintiff argues that this Court should not have granted summary judgment to the individually named Defendants.[16]  Defendants moved for summary judgment to dismiss the claims against these Defendants as they argued that they are entitled to qualified immunity, and that the individually named Defendants are not liable in their individual capacities under NJLAD or NJCEPA, and this Court agreed with Defendants' position. After additional review of the parties' submissions and after review of the motions for reconsideration, this Court finds that there was no clear error of law in ruling that the claims brought against individual Defendants in their personal capacities are dismissed.  As such, Plaintiff's motion for reconsideration of this Court's ruling on the claims against the individual Defendants in their personal capacities is **denied**.

Plaintiff moves for reconsideration of this Court's Opinion and Order dismissing Plaintiff's claims against the individual Defendants in their official capacities. Claims against individuals in their official capacities are essentially claims against Newark and the NPD, as employers of the individual Defendants. Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985). As such, there was no clear error or law to warrant reconsideration of this Court's ruling on those

---

[16]Id. pp. 2-20.

7

claims. Plaintiff's motion for reconsideration of this Court's Opinion and Order dismissing Plaintiff's claims against the individual Defendants in their official capacities is **denied**.

Plaintiff also moves for reconsideration of this Court's Opinion and Order granting summary judgment to Defendant Dr. Guller, arguing that Plaintiff has established a claim arising under 42 U.S.C. §1983[17] and that Plaintiff has established facts sufficient to present a conspiracy claim to a jury[18] based on the facts and evidence presented to the Court on summary judgment. After hearing extensive oral argument on these issues, this Court will reconsider its rulings on the §1983 claims and the conspiracy claims against Dr. Guller, as there may have been an error by this Court in its ruling on these issues. Plaintiff's motion for reconsideration of this Court's granting summary judgment to Dr. Guller on §1983 and conspiracy claims is **granted**.

Plaintiff also moves for reconsideration of this Court's Opinion and Order dismissing Plaintiff's claims against Newark for First and Ninth Amendment violations[19], arguing that this Court must have misread the law presented to it on summary judgment, and that it failed to consider certain facts and exhibits which present a question for a jury to decide whether the speech was conveying a matter of public concern. After additional review of the submissions of the parties and after hearing oral argument on the issue, this Court will reconsider the First Amendment claims against Newark, as this Court may have erred in making its initial ruling, however, there was no error in ruling that Plaintiff has not established a cause of action under the

---

[17] Id. at 20-21.

[18] Id. at 21-22.

[19] Id. at 23-25.

Ninth Amendment. Plaintiff's motion for reconsideration of this Court's Opinion and Order granting summary judgment to Newark on Plaintiff's First Amendment claims is **granted** and on Plaintiff's Ninth Amendment claims is **denied**.

Plaintiff also moves for reconsideration of this Court's Opinion and Order dismissing the conspiracy claims against Newark and dismissing the NJLAD claim against Newark.[20] As Plaintiff has failed to address the conspiracy claims against Newark on reconsideration, these claims will not be reconsidered and Plaintiff's motion for reconsideration on these claims is **denied**. After reviewing the parties' submissions and hearing oral argument on the NJLAD claim against Newark, this Court will reconsider its ruling dismissing the NJLAD claim on the retaliation issue. Plaintiff's motion for reconsideration of this Court's ruling dismissing the NJLAD claim against Newark is **granted**.

Plaintiff also moves for reconsideration of this Court's Opinion and Order denying summary judgment to him. Plaintiff moved for summary judgment on the alleged violations of the 45-day rule, the introduction of prior disciplinary proceedings used to make a determination at trial is improper when used to prove the charge for which the officer is on trial; and that Plaintiff was deprived of both a fair and impartial hearing and of due process when the members who had not heard all of the testimony participated in its deliberation and decision. Plaintiff asserts that these violations deprived him of his rights under the First, Fifth and Fourteenth Amendments of the Constitution.[21] This Court denied summary judgment to Plaintiff because it

---

[20]Plaintiff's Brief in Support of his motion for reconsideration, pp. 25-28.

[21]Id. pp. 28-30.

ruled that Plaintiff had failed to make a *prima facie* case of these claims.

After reviewing Plaintiff's claims and hearing oral argument on these issues, Plaintiff's motion for reconsideration is **granted** on the First Amendment Claims against Newark. As stated above, Plaintiff's claims against the individual Defendants in their personal capacities were dismissed with no clear error of law and Plaintiff's claims against the individual Defendants in their official capacities are redundant because their employers are also named as Defendants in this action. Plaintiff's claims against the NPD in his motion for summary judgment were likewise dismissed because they are duplicative of his claims against Newark. Also, police departments cannot be sued in conjunction with municipalities because police departments are merely administrative agencies of the municipalities, not separate judicial entities. See Pahle v. Colebrookdale Township, 227 F.Supp. 2d 361, 367 (E.D.Pa. 2002). Plaintiff cannot maintain a cause of action against Newark under the Fifth Amendment because its due process guarantees are limited to the conduct of federal officials, and do not apply to limit the conduct of municipal actors. See Bowman v. Twp. of Pennsauken 709 F. Supp. 1329, 1345 n. 23 (D.N.J. 1989). Plaintiff's motion for reconsideration, however, is **granted** on the First and Amendment Claims against Newark. This Court's Opinion and Order preserved Plaintiff's Fourteenth Amendment Claim against Newark, so reconsideration on that claim is unnecessary.

Defendant Newark moves for reconsideration of this Court's Opinion and Order as this Court did not consider Newark's arguments set forth for the first time in its reply brief. As Defendant addressed in oral argument, it is in the trial court's discretion whether or not to consider arguments raised in a reply brief. See U.S. v. Duronio, 2006 Westlaw 351259. There

was no error of law in this Court's decision to not consider arguments raised in a reply brief, as same would have precluded the adverse party to respond. As such, Defendant's motion for reconsideration is **denied**.

**IV.**     CONCLUSION

For the reasons stated, this Court will reconsider Plaintiff's First Amendment claims against Newark, the §1983 claim and conspiracy claims against Dr. Guller and the NJLAD claim against Newark. All other rulings in this Court's Opinion and Order stand. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh<br>Dennis M. Cavanaugh, U.S.D.J.

Date:      February  20 , 2008
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File