NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DARREN M. NANCE, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF NEWARK, NEWARK POLICE | : | Civil Action No. 97-cv-6184 (DMC) |
| DEPARTMENT, JOSEPH J. SANTIAGO, | : | |
| THOMAS C. O'REILLY, ROBERT K. | : | |
| RANKIN, JR., MITCHELL McQUIRE, | : | |
| MICHAEL O'CONNOR, JAMES DAVID | : | |
| O'CONNOR, WILLIE E. UNDERWOOD, | : | |
| DR. IRVING B. GULLER, JOSE COLON, | : | |
| DR. CHADRAKANT PATEL, JAMES E. | : | |
| TUNIS, ISABELLA CASTELLANOS, | : | |
| VINCENT BONGERMINO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Plaintiff Darren M. Nance ("Plaintiff")

and Defendant City of Newark ("Newark") for reconsideration pursuant to Local Civil Rule 7.1(i)

of this Court's Opinion and Order dated June 11, 2007 granting in part and denying in part

Defendants Newark, Newark Police Department ("NPD"), Joseph J. Santiago ("Santiago"), Thomas

C. O'Reilly ("O'Reilly"), Robert K. Rankin, Jr., ("Rankin") Michael O'Connor, James David

O'Connor, Mitchell McQuire ("McQuire"), Willie Underwood ("Underwood"), James E. Tunis

("Tunis"), Vincent Bongermino ("Bongermino"), Jose Colon ("Colon"), Isabella Castellanos

("Castellanos"), Dr. Chadrakant Patel ("Dr. Patel"), and Dr. Irving B. Guller ("Dr. Guller")'s motion

for summary judgment and denying Plaintiff's motion for summary judgment. This Court heard oral

argument on the motions for reconsideration on December 18, 2007. After carefully considering the

submissions of the parties, this Court issued its reconsideration Opinion on February 20, 2008 denying Defendant Newark's motion for reconsideration and granting in part and denying in part Plaintiff's motion for reconsideration.  As stated in that Opinion and Order, this Court reconsiders its June 11, 2007 Opinion and Order granting summary judgment to Dr. Guller on Plaintiff's 42 U.S.C.§§1983 and 1985 claims and common law conspiracy claims; granting summary judgment to Newark on Plaintiff's First Amendment claims; and granting summary judgment to Newark on Plaintiff's New Jersey Law Against Discrimination ("NJLAD") claims.  All other rulings in this Court's June 11, 2007 Opinion and Order stand.

## I.    BACKGROUND[1]

On December 18, 1997, Plaintiff filed his Complaint against Newark, NPD, several named individuals employed by Newark and the NPD, named above, Dr. Guller and Dr. Patel.  In his Third Amended Complaint, Plaintiff alleges eight counts of violations of the United States Constitution, the NJLAD and the New Jersey Conscientious Employee Protection Act ("NJCEPA").

Newark employed Plaintiff, an African American male, as a police officer from October 16, 1989, until September 3, 1996, at which time Plaintiff's employment was terminated.  During his employment, numerous disciplinary proceedings were brought against Plaintiff, some of which resulted in Plaintiff's temporary suspension from duty.  Plaintiff alleges that the suspensions, disciplinary actions and termination from the NPD were in retaliation for Plaintiff's persistent complaints to his superiors regarding disparate treatment afforded minority police

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' FED. R. CIV. P. 56.1 statements in their respective moving papers and in their respective motions for reconsideration's preliminary statements and procedural histories.

officers.

In December, 1993, Plaintiff filed a discrimination lawsuit against Newark, the NPD and several of his superiors in the New Jersey Superior Court, Essex County, alleging that Defendants conspired amongst themselves to deny Plaintiff due process of law in their efforts to terminate his employment by generating false criminal charges and meritless disciplinary actions.

Plaintiff alleges his suit precipitated further retaliatory conduct such as forcing him to submit to drug screening and psychological testing.  Plaintiff asserts that Defendants conspired to render a negative psychological report in order to silence him and used the report as a pretext to terminate Plaintiff's employment with the NPD.  Defendants respond that the disciplinary actions against Plaintiff and his ultimate termination occurred because of his repeated violations of the NPD's rules and regulations as well as his failure to conduct himself in a manner required of a NPD officer.

On June 11, 2007, this Court issued its Opinion[2], ruling that the claims against the individually named Defendants in their personal capacities are dismissed because these Defendants are entitled to qualified immunity.[3] This Court also ruled that the claims against the individual Defendants under NJLAD and NJCEPA are dismissed because no relief is available to Plaintiff under these statutes when suing individual Defendants in their personal capacities.[4]

This Court also dismissed Plaintiff's claims against the individual Defendants in their official capacities because this Court found that bringing claims against individuals in their

---

[2]Nance v. City of Newark, Slip Op. WL 1695968 (June 11, 2007).

[3]Id. at 4-10.

[4]Id. at 10-13.

3

official capacities are essentially claims against Newark and the NPD, as employers of the individual Defendants when the NPD and Newark are also named Defendants in this action.[5] This Court dismissed Plaintiff's claims against the NPD because those claims are duplicative of Plaintiff's claims against Newark.[6]

This Court ruled that Plaintiff failed to establish liability under §1983[7], that Plaintiff failed to establish conspiracy liability under §1985(3)[8], and that Plaintiff failed to establish common law conspiracy liability as to Dr. Guller.[9]  This Court granted summary judgment to Newark on Plaintiff's First and Ninth Amendment claims.  This Court ruled that Plaintiff failed to show that his alleged protected speech was the reason for his termination, or whether his speech was a matter of public concern, as such speech would have been protected by the First Amendment.[10] This Court ruled that Plaintiff failed to identify what additional constitutional rights were violated in order to maintain a cause of action under the Ninth Amendment.[11]

This Court ruled that Plaintiff failed to establish a *prima facie* case for retaliation, as is required under NJLAD, because Plaintiff failed to show that he was engaged in protected

---

[5]Id. at 13-15.

[6]Id. at 15-16.

[7]Id. at 16-18.

[8]Id. at 18-19.

[9]Id. at 19-20.

[10]Id. at 26-30.

[11]Id. at 26.

activity, because the speech engaged in did not surround a matter of public concern, but rather personal grievances.[12]

This Court reconsiders its rulings on Plaintiff's First Amendment and NJLAD claims in further examining whether Plaintiff's speech, which he alleges he was fired in retaliation for, involved matters of public concern, rather than personal grievances. If the speech surrounded public concern, then Plaintiff would have engaged in protected speech under the First Amendment. It is on this basis that this Court reconsiders its dismissal of Plaintiff's First Amendment and NJLAD claims, as perhaps Plaintiff was speaking on matters of public concern in addition to personal grievances. This Court also reconsiders Plaintiff's claims under §§1983 and 1985, and Plaintiff's common law conspiracy claims against Dr. Guller.

## II.   STANDARD OF REVIEW

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

---

[12]Id. at 32.

5

## III.   DISCUSSION

Plaintiff essentially argues that this Court must reconsider its decision to correct a clear error of law.  Importantly, reconsideration, if granted, does not guarantee a different or even a better result; it can bring about a worse result. Rojas v. City of New Brunswick, 2007 U.S. Dist. LEXIS 26303, 7-10 (D.N.J. Apr. 9, 2007).

### 42 U.S.C. §1983 Claims Against Dr. Guller

Plaintiff moves for reconsideration of this Court's Opinion and Order granting summary judgment to Defendant Dr. Guller, arguing that Plaintiff has established a claim arising under 42 U.S.C. §1983 and that Plaintiff has established facts sufficient to present a conspiracy claim to a jury based on the evidence presented to the Court on summary judgment.  Dr. Guller is a psychologist who performs evaluations of Newark's police officers on a case by case basis as an independent contractor.  In order to succeed on his §1983 claim against Dr. Guller, Plaintiff must show that Dr. Guller violated his constitutional or statutory rights, causing the complained of injury.  See Elmore v. Cleary, 399 F.3d 261, 268 (3d. Cir. 1998). Here, the complained of injury is Plaintiff's employment being terminated due to racial animus and Plaintiff alleges that Dr. Guller's testimony at the police trial board hearing along with Dr. Guller's agreement with Newark lead to Plaintiff's termination.   Because of this alleged agreement, Plaintiff alleges that Dr. Guller is liable under §1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of The United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, or other proper proceeding for redress...

Plaintiff must show that Dr. Guller was acting under the color of state law in order to succeed on a §1983 claim.  Plaintiff essentially alleges that Dr. Guller did not want to loose Newark as a client, so he failed to use independent judgment in conducting Plaintiff's psychological evaluation and instead, was influenced by other Defendants in rendering his opinion that Plaintiff was unfit for duty as a police officer.  If Dr. Guller was acting independently, Plaintiff argues, he would have insisted on obtaining Plaintiff's prior psychological reports and he would have looked into the charges in Plaintiff's personnel file to render a complete opinion.[13]  Because Dr. Guller did not take these steps, Plaintiff argues that Dr. Guller acted under the color of law when he opined that Plaintiff was unfit for duty because Plaintiff alleges Dr. Guller was influenced by Newark.

Plaintiff does not show that Dr. Guller was acting under the color of law, because Dr. Guller, as a private actor, did not assume the authority of the state when conducting his evaluation of Plaintiff, or testifying regarding that evaluation. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1958, 26 L.Ed. 2d 142 (1970).

In West v. Atkins, 487 U.S. 42, 56 (1988), the Court found that a private physician acting under contract with a prison system to provide medical care to inmates was a state actor because the physician voluntarily assumed a state obligation to provide adequate medical care to inmates by contract.  Here, Dr. Guller is an independent contractor and Dr. Guller was paid as needed,[14] as opposed to the physician in West, who was paid an annual salary to provide ongoing treatment

---

[13]Pl.'s Opp. to Dr. Guller's motion for summary judgment, p. 13.

[14]Ex. F, Affidavit of Dr. Irving Guller, ¶3, attached to Sam Rosenberg's Certification.

to prisoners and run two clinics in addition to performing surgeries. While Newark hires Dr.

Guller to conduct these psychological evaluations, Newark is not bound to act on Dr. Guller's

recommendations and Dr. Guller did not have the power to make decisions regarding Plaintiff's

employment status.

After oral argument and after reconsidering all submissions on the issue, this Court finds

that there was no error in granting summary judgment to Dr. Guller on Plaintiff's §1983 claim.

　　　　42 U.S.C. §1985 Claims Against Dr. Guller

Plaintiff claims that Dr. Guller was part of the conspiracy to have him fired in retaliation

for Plaintiff advocating on behalf of minority police officers in filing a complaint against many of

the named defendants in this action shortly before his employment was terminated.  A civil cause

of action under 42 U.S.C. §1985 arises when some otherwise defined federal right to equal

protection of the laws, or of equal privileges and immunities under the laws is breached by a

conspiracy in the manner defined by this section.  See Great Am. Fed. Sav. & Loan Ass'n. v.

Novotny, 442 U.S. 366 (1979).   To establish a violation under §1985(3), a plaintiff must prove:

(1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay]

behind the discriminatory conspirators' action," Griffin v. Breckenridge, 403 U.S. 88, 102

(1971), and (2) that the conspiracy "aimed at interfering with rights that are protected against

private, as well as official, encroachment." Carpenter v. Scott, 463 U.S. 825, 833 (1983).

Specifically, Plaintiff alleges that Dr. Guller's testimony at the police trial board hearing

lead to his termination. Plaintiff also alleges that Dr. Guller had an agreement with Newark

which culminated in Plaintiff's termination.  Plaintiff alleges that Dr. Guller's conduct, both

substantively and as a coconspirator, established an ongoing course of conduct to Plaintiff's

detriment.[15]

In his motion for reconsideration, Plaintiff claims he has produced evidence that Dr.

Guller spoke to Defendant Tunis regarding Plaintiff's pattern of disciplinary problems prior to

Dr. Guller conducting Plaintiff's evaluation.  Plaintiff contends that it is up to a jury to decide

whether these alleged actions tend to demonstrate Dr. Guller's intent to conspire with others to

deprive Plaintiff of his constitutional rights.  While it may be true that Newark is an important

client to Dr. Guller, there is nothing in the record to demonstrate that because Newark was an

important client, Dr. Guller was unable, or unwilling, to conduct independent psychological

evaluations on officers referred to Dr. Guller from the NPD.  After spending a 165 minute one-

on-one session with Plaintiff following psychological tests in his office, Dr. Guller concluded

that Plaintiff was not fit for duty.[16] In his sworn affidavit, Dr. Guller states that he has never been

asked by anyone from the Newark Police Department to find any officer, including Plaintiff, fit

or not fit for duty.[17]  Contrary to Plaintiff's arguments that this Court must have overlooked the

evidence submitted to prove this point, this Court concludes that the evidence submitted does not

support the contention that Dr. Guller acted with intent to conspire with others to deprive

Plaintiff of his constitutional rights. Defendant Guller was granted summary judgment because

there was no issue of material fact in determining that Dr. Guller was not conspiring with others

---

[15]Pl.'s Opp. to Dr. Guller's motion for summary judgment, p. 17.

[16]Ex. F, Affidavit of Dr. Irving Guller, ¶10, attached to Sam Rosenberg's Certification

[17]Ex. F, Affidavit of Dr. Irving Guller, ¶15, attached to Sam Rosenberg's Certification

to terminate Plaintiff's employment with the NPD.  This Court having further reviewed all submissions on the motion for reconsideration, finds that there are no issues of material fact to preclude summary judgment in Dr. Guller's favor on §1985 conspiracy allegations.

Common Law Conspiracy Claims Against Dr. Guller

Plaintiff alleges that Dr. Guller participated in a conspiracy designed and intended to prevent Plaintiff from lawfully and diligently performing his job as a Newark police officer. Plaintiff contends that Dr. Guller and Newark tried to avoid the suggestion that communications occurred between them and avoided their normal procedure in evaluation referrals in order to avoid the appearance of an impropriety.[18]  In so doing, Plaintiff argues, Dr. Guller's actions were controlled by Newark, and not his profession, in determining that Plaintiff was not fit for duty.[19]

In his motion for reconsideration, Plaintiff asserts that the evidence proffered demonstrates that Dr. Guller participated in a conspiracy under both §1985 and the common law. In opposing Dr. Guller's motion for summary judgment on the common law conspiracy claim, Plaintiff correctly sets forth the applicable case law which states that a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damage. See U.S. Small Business Administration v. Stratton, 2005 W.L. 3455897 (E.D. Pa. 2005).  In its original Opinion, this Court stated that Plaintiff had offered no factual support of an agreement between

---

[18]Pl.'s Opp. to Dr. Guller's motion for summary judgment, p. 20.

[19]Id.

Dr. Guller and another party, giving rise to the alleged conspiracy.[20]  After further review of the evidence submitted, this Court does not find the requisite agreement between Dr. Guller and another party to inflict a wrong upon Plaintiff. Plaintiff urges the Court to determine that Dr. Guller had an agreement with Newark based on his unfavorable evaluation of Plaintiff, which Plaintiff alleges was conducted improperly.  Even if Dr. Guller poorly conducted a psychological evaluation, that does not mean that he was part of a conspiracy to deprive Plaintiff of his rights, or that Dr. Guller had an agreement with Newark to do so.  After reconsideration, Dr. Guller's motion for summary judgment on the common law conspiracy claim is granted.

First Amendment Claims Against Newark

This Court reconsiders its ruling dismissing Plaintiff's claim that Newark violated his rights under the First Amendment by allegedly firing him for engaging in constitutionally protected activity as this Court will further evaluate whether Plaintiff's speech involved a matter of public concern.

Plaintiff argues that this Court erred in dismissing his First Amendment free speech claims because he asserts that he was speaking on matters of public concern and was fired for same.[21]  A public employee does not forfeit his or her First Amendment right to speak on matters of public concern simply because he or she is a public employee. See Connick v. Myers, 461 U.S. 138, 142 (1983). This Court reasoned that Plaintiff's speech surrounded personal grievances, and not public concern, and when he was speaking regarding NPD's alleged racism,

---

[20]Nance v. City of Newark, Slip Op. WL 1695968, p. 19 (June 11, 2007).

[21]Pl.'s Br. in support of his motion for reconsideration, pp. 24-25.

his own employment motivated his comments.[22] The Third Circuit held that the speech pertaining to private grievances not of interest to the public at large is not speech on a matter of public concern. See Bradshaw v. Township of Middletown, 296 F.Supp.2d 526, 538 (D.N.J. 2003).   In opposition to Newark's motion for summary judgment, Plaintiff asserts that he was speaking about issues of racism, disparate treatment, retaliatory conduct, and the impropriety of actions of some law enforcement officers, which Plaintiff argues are matters of public concern and that there is a public concern to protect this speech.[23]  In his motion for reconsideration, Plaintiff argues that his personal employment was not the only motivation for his comments, as he spoke out against Newark Police Officers calling citizens "niggers", which does not relate to his employment.[24]  This Court finds that Plaintiff has alleged to have engaged in protected speech, as he was speaking on matters of public concern, not solely motivated by his employment.

Plaintiff further asserts that he sought to redress his grievances in the proper legal forums and as a result, was demoted, de-gunned and forced to submit to drug and psychiatric evaluations as retaliation, and was then terminated.[25] Defendants, in opposition to Plaintiff's cross-motion for summary judgment, assert that Plaintiff was the subject of numerous internal investigations for violating the rules and regulations of the Newark Police Department, and that he was terminated

---

[22]Nance v. City of Newark, Slip Op. WL 1695968 p. 27.

[23]Pl.'s Opp. to Newark's motion for summary judgment, p. 53.

[24]Pl.'s Br. in support of his motion for reconsideration, p. 25.

[25]Id. at 54.

as a result of same.[26] In his motion for reconsideration, Plaintiff argues that it should be left for a jury to decide whether he was terminated in retaliation for his speech, or whether he was terminated as a result of disciplinary problems.[27]  This Court agrees, as Defendants moved for summary judgment on this issue, and Plaintiff, as the non-moving party, has the privilege of all inferences that there is an issue of material fact as to Newark's reasons for firing Plaintiff. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). This Court reverses its decision and holds that Plaintiff's Count Two, Freedom of Speech claim survives Defendants' motion for summary judgment.

NJLAD Claim Against Newark

This Court reconsiders its Opinion and Order dismissing Plaintiff's NJLAD claim against Newark for the same reasons it reconsiders its ruling dismissing Plaintiff's First Amendment claim; if Plaintiff was engaged in speech on a matter of public concern, which is protected activity, as opposed to speech solely regarding personal grievances, then Plaintiff may be able to establish a *prima facie* case of retaliation under NJLAD.

As mentioned above, even though Plaintiff may have been speaking on matters of personalized grievances, the record also shows that he also spoke on matters of public concern, regarding other NPD officers' treatment of minorities. The Third Circuit has held that a plaintiff's NJLAD claim should survive summary judgment if the plaintiff has established a *prima facie* case of retaliation, and that the Court at that stage of litigation should not be the trier

---

[26]Defs.' Opp. To Pl.'s cross-motion for summary judgment, generally.

[27]Pl.'s Br. in support of his motion for reconsideration, p. 25.

of fact to determine whether discrimination has occurred, but rather, should determine whether the plaintiff has submitted sufficient evidence for a reasonable jury to draw inferences in plaintiff's favor. See Abramson v. William Paterson College 260 F.3d 265, 286 (3d Cir. 2001).

To establish a prima facie case of retaliation under NJLAD, Plaintiff must show that (1) he engaged in protected activity (2) Newark took an adverse employment action immediately following the protected activity; and (3) a causal link exists between the protected activity and the adverse employment action. See Abramson, 260 F.3d 286. As noted above, this Court has determined that Plaintiff engaged in protected activity because he spoke on matters of public concern.  Next, Plaintiff was terminated soon after he spoke on these matters. The Court in Abramson reasoned that termination was sufficient to fulfill the second *prima facie* element. Id. at 285. Third, the Third Circuit noted that the relevant case law has focused on two factors in finding the causal link for a retaliation claim, timing and ongoing antagonism. See Id. at 286, quoting Farrell v. Planters Lifesavers Co. 206 F.3d 271 (3d. Cir. 2000).  Further, a plaintiff may rely on a broad array of evidence to demonstrate a causal link.  See Id. at 284. While there are genuine issues of material fact regarding Newark's reasons for terminating Plaintiff, this Court finds that Plaintiff set forth sufficient evidence showing possible antagonism shortly before he was terminated.  As such, this Court reverses its decision, and denies Newark's motion for summary judgment on Plaintiff's NJLAD claim because Plaintiff has presented a sufficient *prima facie* case of retaliation to go to a jury.

**IV.    CONCLUSION**

For the reasons stated, this Court's June 11, 2007 Opinion and Order stand regarding granting

14

summary judgment to Dr. Guller.  This Court reverses its June 11, 2007 Opinion and Order regarding Plaintiff's Free Speech and NJLAD claims and denies Newark summary judgment on those issues.  An appropriate Order accompanies this Opinion.

         S/ Dennis M.Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J.

Date:       May  16 , 2008
Orig.:     Clerk
cc:       All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File