NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN M. NANCE, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 97-cv-6184 (DMC) |
| CITY OF NEWARK, NEWARK POLICE DEPARTMENT, JOSEPH J. SANTIAGO, THOMAS C. O'REILLY, ROBERT K. RANKLIN, JR., MITCHELL McGUIRE, MICHAEL O'CONNOR, JAMES DAVID O'CONNOR, WILLIE E. UNDERWOOD, DR. IRVING B. GULLER, JOSE COLON, DR. CHADRAKANT PATEL, JAMES E. TUNIS, ISABELLA CASTELLANOS, and VINCENT BONGERMINO, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant City of Newark ("Newark"), the Newark Police Department ("NPD"), Joseph J. Santiago, Thomas C. O'Reilly, Robert K. Ranklin, Jr., Mitchell McGuire, Michael O'Connor, James David O'Connor, Willie E. Underwood, Jose Colon, James E. Tunis, Isabella Castellanos and Vincent Bongermino's (collectively the "Newark Defendants," and collectively with Newark and NPD, "Defendants") motion for clarification pursuant to Fed. R. Civ. P. 56(d)(1). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.

After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for clarification is **denied**.

I.  **BACKGROUND**[1]

On December 18, 1997, Plaintiff filed his Complaint against Newark, NPD, several named individuals employed by Newark and the NPD, named above, Dr. Guller and Dr. Patel. In his Third Amended Complaint, Plaintiff alleges eight counts of violations of the United States Constitution, the NJLAD and the New Jersey Conscientious Employee Protection Act ("NJCEPA").

Newark employed Plaintiff, an African American male, as a police officer from October 16, 1989, until September 3, 1996, at which time Plaintiff's employment was terminated. During his employment, numerous disciplinary proceedings were brought against Plaintiff, some of which resulted in Plaintiff's temporary suspension from duty. Plaintiff alleges that the suspensions, disciplinary actions and termination from the NPD were in retaliation for Plaintiff's persistent complaints to his superiors regarding disparate treatment afforded minority police officers.

In December of 1993, Plaintiff filed a discrimination lawsuit against Newark, the NPD and several of his superiors in the New Jersey Superior Court, Essex County, alleging that the Newark Defendants conspired amongst themselves to deny Plaintiff due process of law in their efforts to terminate his employment by generating false criminal charges and meritless disciplinary actions.

Plaintiff alleges his suit precipitated further retaliatory conduct such as forcing him to submit

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' Fed. R. Civ. P. 56.1 statements in their respective moving papers and in their respective motions for reconsideration preliminary statements and procedural histories.

to drug screening and psychological testing. Plaintiff asserts that Defendants conspired to render a negative psychological report in order to silence him and used the report as a pretext to terminate Plaintiff's employment with the NPD. Defendants respond that the disciplinary actions against Plaintiff and his ultimate termination occurred because of his repeated violations of the NPD's rules and regulations as well as his failure to conduct himself in a manner required of a NPD officer.

On June 11, 2007, this Court issued its Opinion, ruling that the claims against the individually named Defendants in their personal capacities are dismissed because these Defendants are entitled to qualified immunity. This Court also ruled that the claims against the individual Defendants under NJLAD and NJCEPA are dismissed because no relief is available to Plaintiff under these statutes when suing individual Defendants in their personal capacities.

This Court also dismissed Plaintiff's claims against the individual Defendants in their official capacities because this Court found that bringing claims against individuals in their official capacities are essentially claims against Newark and the NPD, as employers of the individual Defendants when the NPD and Newark are also named Defendants in this action. This Court dismissed Plaintiff's claims against the NPD because those claims are duplicative of Plaintiff's claims against Newark.

This Court ruled that Plaintiff failed to establish liability under §1983, that Plaintiff failed to establish conspiracy liability under §1985(3), and that Plaintiff failed to establish common law conspiracy liability as to Dr. Guller. This Court granted summary judgment to Newark on Plaintiff's First and Ninth Amendment claims. This Court ruled that Plaintiff failed to show that his alleged protected speech was the reason for his termination, or whether his speech was a matter of public

concern, as such speech would have been protected by the First Amendment. This Court ruled that Plaintiff failed to identify what additional constitutional rights were violated in order to maintain a cause of action under the Ninth Amendment.

This Court ruled that Plaintiff failed to establish a *prima facie* case for retaliation as is required under NJLAD. Plaintiff failed to show that he was engaged in protected activity, as the speech engaged in did not surround a matter of public concern, but rather personal grievances.

This Court reconsidered its rulings on all of Plaintiff's claims, which resulted in a reversal of the First Amendment and NJLAD claims.

## II.   STANDARD OF REVIEW

The Newark Defendants request clarification pursuant to FED. R. CIV. P. 56(d)(1). FED. R. CIV. P. 56(d)(1) states:

> Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

## III.   DISCUSSION

On reconsideration, this Court ruled that Plaintiff should be permitted to proceed on his First Amendment claim. This Court found that Plaintiff was speaking on matters of public concern, and thus engaged in protected speech. As such, a jury should determine whether Plaintiff was terminated in retaliation for his speech, or as a result of disciplinary problems.

As a result of the finding that Plaintiff was speaking on matters of public concern, Plaintiff's

NJLAD claim was also revived. Defendants are requesting that this Court clarify the facts established in the action pursuant to FED. R. CIV. P. 56(d)(1). The Rule indicates that if summary judgment is not rendered on the entire action, as is the case here, the court should determine what facts are not genuinely at issue to the "extent practicable." See FED. R. CIV. P. 56(d)(1). The case at hand involves both federal Constitutional claims and claims arising under the NJLAD. The opinions issued by this court along with the statements of undisputed facts asserted by the parties indicate the complexity of the facts in this case. Compliance with the motion for clarification would be an undue burden on this Court. Due to the case's complexity, further clarification of the established facts of the case by this Court may lead to potential error, merely prolonging the case.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for clarification pursuant to FED. R. CIV. P. 56(d)(1) is **denied**. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       July  1 , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File