NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARREN M. NANCE, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | **OPINION** |
|  | : |  |
| CITY OF NEWARK, NEWARK POLICE | : | Civil Action No. 97-cv-6184 (DMC) |
| DEPARTMENT, JOSEPH J. SANTIAGO, | : |  |
| THOMAS C. O'REILLY, ROBERT K | : |  |
| RANKIN, JR., MITCHELL McQUIRE, | : |  |
| MICHAEL O'CONNOR, JAMES DAVID | : |  |
| O"CONNOR, WILLIE E. UNDERWOOD, | : |  |
| DR. IRVING B. GULLER, JOSE COLON, | : |  |
| DR. CHADRAKANT PATEL, JAMES E. | : |  |
| TUNIS, ISABELLA CASTELLANOS, | : |  |
| VINCENT BONGERMINO, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant City of Newark for Judgment as a Matter of Law pursuant to FED. R. CIV. P. 50. As the Court writes for the parties, familiarity with the underlying factual and procedural history of this matter will be assumed.

In short, Plaintiff Darren M. Nance's suit concerns alleged violations of his First and Fourteenth Amendment rights, as well as the New Jersey Law Against Discrimination ("NJLAD"). On June 9 – 24, 2010, a trial was held to determine the liability, if any, of Defendant. The jury returned a verdict in favor of Plaintiff on his First Amendment claim that Defendant retaliated against him for invoking his right to petition the Government concerning racial discrimination within the Newark Police Department. The jury also found that Plaintiff was retaliated against in violation

of the NJLAD.

At the close of Plaintiff's case, and again at the conclusion of the trial, Defendant moved for judgment as a matter of law.  The Court reserved decision until after the jury rendered its verdict. The Court writes now to address Defendant's motion.

In its motion, Defendant asserts that:  (i) Plaintiff's First Amendment free speech claim was not supported by evidence of record, (ii)  Plaintiff's First Amendment petition claim was not supported by evidence of record, (iii) Plaintiff's Fourteenth Amendment due process claim was not supported by evidence of record, and (iv) Plaintiff's retaliation claim under the NJLAD was not supported by evidence of record.[1]  As the jury found in Defendant's favor on Counts i and iii, Defendant's motion is moot as to these counts.  In this Opinion the Court addresses Defendant's arguments as to the remaining Counts (ii and iv).  For the reasons stated, Defendant's motion is **denied**.

## I. STANDARD OF REVIEW

A judgment as a matter of law pursuant to FED. R. CIV. P. 50(a) is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury" to find in favor of the non-moving party.  FED. R. CIV. P. 50(a).  When deciding a motion for directed verdict under FED. R. CIV. P. 50(a), the district court must "consider the evidence in the light most favorable to the nonmoving party, and deny a defendant's motion 'if there is evidence reasonably tending to support the recovery by plaintiff as to any of its theories of liability.'"  Walmsley v. City of Philadelphia, 872 F.2d 546, 551 (3d Cir.), cert. denied, 493 U.S. 955 (1989); Bielevicz v. Dubinon, 915 F.2d 845, 849 (3d Cir.

---

[1] Plaintiff also moved for Judgment as a Matter of Law.  Plaintiff's motion is moot as to the Counts it prevailed on (ii and iv), and dismissed with respect to the remaining counts.

1990).

## II. DISCUSSION

Defendant argues that **(A)** there is no evidence of record to support a finding that Plaintiff's retaliation claims survive a statute of limitations defense, and **(B)** there is no evidence of record to support a finding that Plaintiff filed petitions related to "matters of public concern." Defendant requests that this Court enter judgment in favor of Defendant.

### A. Statute of Limitations

Defendant asserts that, because Plaintiff filed his Complaint on December 18, 1997, any claims premised upon events prior to December 18, 1995 are barred by the two-year statute of limitations. See Defendant's Rule 50 Brief at12-13. Defendant argues that there is no evidence of record to support a finding that Plaintiff's retaliation claims (brought pursuant to §1983 and the NJLAD) were based upon events occurring after December 18, 1995. Instead, Defendant contends, any conceivable retaliation claims that Plaintiff may have had accrued prior to December 18, 1995, and are therefore barred by the statute of limitations. The Court does not agree.

An action brought pursuant to Section 1983 is subject to the statute of limitations for personal injury actions in the state in which the claim arises. O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006). Accordingly, as Defendant notes, the statute of limitations for Plaintiff's §1983 and NJLAD claims is two years. N.J.S.A. § 2A:14-2; see id.; Montells v. Haynes, 133 N.J. 282, 627 A.2d 654, 660 (1993) (establishing a two-year statute of limitations for all NJLAD claims).

Defendant urges that Plaintiff missed the statute of limitations, as "there is no evidence that any administrative submission was made by Plaintiff after December 18, 1995" and "there is no

evidence that, after December 18, 1995, Plaintiff made any statements of public concern which could

be related to Plaintiff's claims in this matter." See Defendant's Rule 50 Brief at12.  The statutory

period, however, is calculated from the date of Plaintiff's termination (i.e., the act of

retaliation)—not from the date that Plaintiff filed his various complaints.  See O'Connor, 440 F.3d

at 126 ("[T]he following non-exhaustive list of discrete acts for which the limitations period runs

from the act: termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension,

wrongful discipline, denial of training, wrongful accusation"); Anyawu v. BJ's Wholesale Club, Inc.,

2009 U.S. Dist. LEXIS 70153, at *23 (D.N.J. Aug. 10, 2009) (noting that Plaintiff's retaliation claim

began to accrue at the time of his termination, notwithstanding the fact that he alleged other incidents

of discrimination prior to his termination date); Myers v. County of Somerset, 515 F. Supp. 2d 492,

501 (D.N.J. 2007) ("The complaint in this action was filed on December 27, 2004.  Therefore, any

**alleged retaliatory actions** committed by the Defendants before December 27, 2002, are not

actionable for purposes of [Plaintiff's] Section 1983 claims."); Yearwood v. Holloway, 2005 U.S.

Dist. LEXIS 17078, at *16-17 (M.D. Ga., Aug. 11, 2005) (finding that the statute of limitations

began to accrue on a teacher's retaliation claim when she learned that her contract was not being

renewed).  Accordingly, the date of accrual for Plaintiff's retaliation claims is the date that the

adverse action(s), if any, were taken against him.

In light of the discussion above, Plaintiff's termination (in 1996) and any other retaliatory

acts within the two years preceding his Complaint in this action could be considered events that

appropriately form the basis for his retaliation claims.[2]  As such, there is sufficient evidence of record

---

[2] Events prior to the two-year period may be considered, even if they may not form the
basis for liability:  "evidence of . . . time-barred acts . . .may be considered to 'more intelligently
evaluate the evidence that does create liability.'"  Myers, 515 F. Supp. 2d at 502 (citing Hurley v.

to permit a jury to find in Plaintiff's favor on his retaliation claims.

### B.  Petitions Pertaining to Matters of Public Concern

Next, Defendant argues that "there is no evidence that Plaintiff filed any 'petitions' entitled to protection under the First Amendment, as [his grievances] did not involve matters of public concern and/or were made through the chain of command." See Defendant's Rule 50 Brief at 13, 20.  In particular, Defendant asserts that Plaintiff's lawsuits (in 1993 and 1995) cannot constitute matters of public concern because there is no evidence of record indicating the subject matter of these suits.  That is, there is no rational basis upon which the jury could find that the lawsuits pertain to disparate treatment of a racial group or corruption or any other "public" matter.  The Court is not persuaded by Defendant's argument.

Defendant may be correct that the subject matter of the two referenced lawsuits is unknown—and as such, there is no evidence upon which a jury could rationally find that they involved matters of public concern.  However, Plaintiff also contends that he filed a number of other grievances that constitute "petitions" under the First Amendment, such as complaints to the Police Department.  This type of conduct falls within the scope of the Petition Clause.  See, e.g., Parikh v. Twp. of Edison, 2009 U.S. Dist. LEXIS 120817, at *28-29 (D.N.J. Dec. 29, 2009) (noting that an Internal Affairs grievance constitutes a "petition" seeking redress of grievances under the First Amendment); DiTullio v. Twp. of Wash., 2008 U.S. Dist. LEXIS 81585, at *16 (D.N.J. Oct. 10, 2008) (same); McCann v. Winslow Twp., 2007 U.S. Dist. LEXIS 93594, at *14-15 (D.N.J. Dec. 20,

---

Atl. City Police Dep't, 174 F.3d 95, 109 (3d Cir. 1999) (determining that it was not an abuse of discretion for the district court to admit and allow the jury to consider evidence that provided relevant background for the plaintiff's claim, but could not form the basis of the defendant's liability)).

2007) (finding that "a citizen's complaints [to a police department] constitute activity protected by the First Amendment.").

If the jury accepts that Plaintiff's grievances to the police department were "public," and that the filing of these petitions caused his termination, the jury could reasonable find that Plaintiff has prevailed on his retaliation claims.

### III.  CONCLUSION

For the reasons stated, Defendant's Motion for Judgment as a Matter of Law is hereby **denied**.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:          June   25  , 2010
Orig.:         Clerk
cc:            All Counsel of Record
               The Honorable Claire C. Cecchi, U.S.M.J.
               File