NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN M. NANCE, : | |
| : | Civil Action No. 97-6184 (JLL) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| CITY OF NEWARK, et al., : | |
| : | |
| Defendants. : | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiff Darren M. Nance's ("Plaintiff") motion for attorney's fees [Docket Entry No. 287]. Defendant the City of Newark ("Newark") opposes Plaintiff's motion. [Docket Entry No. 288]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court also held oral argument on Plaintiff's motion pursuant to L.Civ.R. 78.1(b) on June 27, 2014. For the reasons set forth more fully below, Plaintiff's motion is GRANTED IN PART.

**I.    BACKGROUND**

This litigation has a lengthy and complex procedural history. As such, the Court shall discuss only those facts relevant to the instant motion.   Plaintiff filed this action on December 18, 1997 alleging various constitutional violations, employment discrimination, retaliation and wrongful termination in connection with his job as a police officer for the City of Newark. *See generally Third Am. Compl.*; Docket Entry No. 53.   After over a decade of litigation, the case went to trial before the Honorable Dennis M. Cavanaugh, U.S.D.J. (now retired) on June 9,

2010.  The trial lasted thirteen days and resulted in a jury verdict in favor of Plaintiff and against Defendants.   Plaintiff was awarded $350,000 and $250,000 in compensatory and punitive damages, respectively.   In the years that followed, various motions and appeals were filed, with the one most relevant to the instant motion being Plaintiff's application for prejudgment interest on the entire damage award.

On May 2, 2011, the District Court denied Plaintiff's motion for prejudgment interest, finding first that "it is established that prejudgment interest is not permitted on punitive damages" and further finding that "[p]rejudgment interest shall not…be allowed on any recovery for future economic losses [and] due to a general verdict sheet…it cannot be determined whether the jury verdict is for non-economic loss or for future economic loss[.]" *See* Docket Entry No. 254 (internal citations and quotations omitted). Thereafter, Plaintiff filed a *pro se* appeal with the Third Circuit Court of Appeals challenging the District Court's determination with respect to compensatory damages only.   In an Order dated October 15, 2012, the Third Circuit vacated the District Court's Order and remanded for further proceedings, holding that "the District Court should have inquired more thoroughly into whether the award includes some identifiable component of past economic damages on which prejudgment interest generally should be awarded." *Nance v. City of Newark,* 501 Fed. Appx. 123, 130 (3d Cir. 2012).

Thereafter, the parties submitted supplemental briefing on the issue of whether prejudgment interest should be awarded on Plaintiff's compensatory damages.   On January 30, 2014, the District Court issued an opinion reversing its prior determination and awarding prejudgment interest on the entire $350,000 compensatory damage award.   It is important to note that no judgment calculating the amount of prejudgment interest was entered by the District Court. Instead, in the interim, the parties endeavored to settle on a suitable dollar amount for

2

prejudgment interest and eventually came to an agreement on March 5, 2014. *See Plaintiff's Brief in Reply* at 5; Docket Entry No. 289. Plaintiff subsequently filed the instant motion for attorney's fees in association with the pre- and post-appeal motions[1] for prejudgment interest pursuant to 42 U.S.C. §1988.

## II.     LEGAL STANDARD

In this District, motions for attorney's fees are now explicitly governed by L.Civ.R. 54.2, which provides that "[i]n all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L. Civ. R. 7.1."

Title 42 U.S.C. §1988(b) provides that the Court, in Its discretion, may award reasonable attorney's fees and expenses to a prevailing party. A plaintiff is "prevailing" and thereby entitled to a fee award if he or she has succeeded on "any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.ct. 1966, 76 L.Ed.2d 40 (1983) (internal quotation marks and citation omitted). "To be eligible to make a prevailing-party claim under §1988, the plaintiff must, at a minimum…be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Singer Mgmt. Consultants, Inc. v. Milgram,* 650 F.3d 223 (3d Cir. 2011) (internal quotation marks and citation omitted). Plaintiffs who achieve partial or limited success on their claims are still eligible for attorney's fees under §1988. *Hensley,* 461 U.S. at 440. However, "where the plaintiff achieved only limited success, the district court should award only that amount

---

[1] The Court notes that Plaintiff is explicitly NOT seeking any fees in connection with Plaintiff's actual appeal to the Third Circuit. That appeal was filed *pro se* by Plaintiff with no assistance of counsel.

of fees that is reasonable in relation to the results obtained." *Id.* Specifically, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id. See also Rendine v. Pantzer*, 141 N.J. 292, 337 (1995) ("[A] trial court should reduce the lodestar fee if the level of success achieved in the litigation is limited as compared to the relief sought.").

Once it has been determined that a party is eligible for an award of attorney's fees, the first step in calculating same under §1988 requires the Court to determine the lodestar fee, defined as the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433. The party seeking attorney's fees has the burden of producing sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered. *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (1984). The burden of establishing the lodestar rests on the fee applicant, who must provide appropriate documentation of the hours spent and the market rate. If the documentation is inadequate, a court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. The opposing party must make specific objections to the requested fee. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Id.* However, the district court cannot decrease a fee award based on factors not raised at all by the opposing party. *Id.*

### III. DISCUSSION

#### a. Timeliness

As a threshold matter, the Court finds that Plaintiff's motion was timely filed. Newark argues that the applicable 30 day period began to run on January 30, 2014, the date of the District

Court's Opinion and Order granting Plaintiff prejudgment interest. *See Newark's Brief in Opposition* at 2; Docket Entry No. 288.   Newark submits that because Plaintiff's motion was filed on March 25, 2014, it was untimely and further, that Plaintiff's late filing cannot be excused under a theory of "excusable neglect" under Fed.R.Civ.P. 6. *Id.*   In reply, Plaintiff argues that the District Court's Order should not be considered a "judgment" for purposes of L.Civ.R. 54.2 because it did not set forth the amount of prejudgment interest to be awarded. *See Pltf. Br. Reply* at 3.   Plaintiff maintains that the parties did not agree to the amount of prejudgment interest until March 5, 2014 and therefore, Plaintiff's motion was not untimely.   Moreover, Plaintiff submits that even if January 30, 2014 is the applicable date which caused the 30 day period to run, that Plaintiff's motion be permitted on the basis of excusable neglect, due to the ongoing dispute regarding the amount of prejudgment interest. *Id.* at 6-7.

The Court finds that the January 30, 2014 Opinion of the Court, while an "order", does not constitute a "judgment" as contemplated by Rule 54.2.   Plaintiff's motion seeks attorney's fees in connection with the issue of prejudgment interest, a part of which was still in dispute even after the District Court's Order was entered.   As such, at that time, it could not be discerned whether additional briefing concerning the amount of prejudgment interest would be required.   Therefore, it is entirely reasonable that Plaintiff would await an order of judgment setting forth the amount of prejudgment interest before filing a motion for attorney's fees.   As such, the Court need not address excusable neglect, as it finds Plaintiff's motion to be timely and shall therefore address the merits.

### b. Plaintiff's Entitlement to Attorney's Fees

In the present matter, the parties do not dispute that Plaintiff was ultimately successful on the issue of prejudgment interest, as evidenced by the District Court's Order in Plaintiff's favor.

Therefore, Plaintiff is permitted to recover reasonable attorney's fees under §1988. However, Newark's objection to Plaintiff's application lies in the reasonableness of the fees requested by Plaintiff's counsel, Angelo R. Bianchi, Esq. The Court shall therefore turn to the calculation of fees based on the lodestar fee methodology.

### c. Calculation of Fees

#### i. Reasonable Rate

In order to determine a reasonable hourly rate, the Court must assess the "skill and experience of the prevailing attorneys and compare their rates to the rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blakey*, 2 F.Supp.2d 598, 602 (D.N.J. April 9, 1998) (citing *Rendine,* 141 N.J. at 337). In the instant matter, the parties do not dispute Mr. Bianchi's hourly rate of $400. Indeed, the Court finds same to be acceptable when considering Mr. Bianchi's expertise and experience in this area of law, as well as the similarity it bears to rates of comparable attorneys.[2] As such, $400 per hour shall be awarded on the applicable number of hours expended, which the Court shall now address.

#### ii. Number of Hours Reasonably Expended

The Supreme Court has held that counsel is expected to exercise "billing judgment" and that district courts "should exclude from this initial fee calculation hours that were not 'reasonably expended'" including "excessive, redundant, or otherwise unnecessary" work. *Hensley*, 461 U.S. at 434 (internal quotation marks and citations omitted). Mr. Bianchi's submitted billing indicates he expended a total of 113 hours on the issue of prejudgment interest, including both pre- and post-

---

[2] Mr. Bianchi has been practicing for 55 years, has expertise in litigation, and has produced affidavits corroborating his hourly rate. *See Affidavit in Support of Motion for Attorney Fees* at ¶2-4; Docket Entry No. 287-1; *Exhibit C to Bianchi Cert.*; Docket Entry No. 287-2.

6

appeal. *See Certification of Angelo R. Bianchi, Esq.* ("Bianchi Cert.") at 6; Docket Entry No. 287-2. In its opposition, Newark argues that counsel's hours are excessive because unnecessary amounts of time were expended on basic research, writing and reviewing of documents. *See Newark's Br. Opp.* at 5-11. Further, Newark contends that various entries constituted non-legal work and are therefore non-compensable. *Id.*

Upon review, the Court finds that counsel's requested hours were "reasonably expended" and did not exhibit "excessive, redundant, or otherwise unnecessary" work. *Hensley*, 461 U.S. at 434. Without going through each and every billing entry, the Court finds that counsel's time spent was reasonable on the issue of prejudgment interest. Counsel spent a total of 34 hours on the first application for prejudgment interest, which included an initial brief, review and research of 2 opposition briefs, preparation and drafting of 2 reply briefs and a review of the Court's May 2, 2011 Order. In post-appeal billing, counsel spent 79 hours reviewing the decision of the Third Circuit, meeting with the Plaintiff, researching the cases cited by the Third Circuit, as well as reviewing the 160-page transcript of the trial, drafting a follow-up motion for prejudgment interest, which included an initial and reply brief, and review and research on Newark's opposition brief. *See Bianchi Cert.* at 2-6; *Pltf. Br. Reply* at 10.

The Court finds that counsel's requested time is not within the realm of that which has been considered "excessive" by this Court in the past. *See Port Drivers Fed'n 18, Inc. v. All Saints*, 2011 U.S. Dist. LEXIS 93700 at *18-19 (D.N.J. Aug. 16, 2011) (finding 60 hours for a 13-page Complaint with 59 paragraphs to be "utterly ridiculous" and reducing to 10 hours and further finding over 200 hours for a 26-page motion for preliminary injunction "unwarranted" and reducing to 50 hours); *see also N.J. Primary Care Ass'n v. State Dep't of Human Servs.*, 2013 U.S. Dist. LEXIS 91098 (D.N.J. June 28, 2013) (finding 74 hours to draft a 24 page complaint, 257

hours to draft a preliminary injunction motion, and 130 hours to draft a motion for summary judgment to be excessive and reducing each by half). As such, the Court declines to reduce the number of counsel's hours on the basis of excessiveness.

### iii. Other Considerations

#### 1. Prejudgment Interest on Punitive Damages

Newark argues that "Plaintiff's counsel fee application should be reduced to account for his unsuccessful attempt to recover prejudgment interest for $250,000 in punitive damages." *Newark's Br. Opp.* at 11. Newark reasons that because punitive damages constituted 42% of the damages awarded to Plaintiff ($250,000/$600,000) and 42% of the prejudgment interest that Plaintiff initially sought, any award of attorney's fees should be reduced by the same percentage. *Id.* Plaintiff responds by arguing that he was substantially successful on his claim of prejudgment interest in general, and that a "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised[.]" *Id.* citing *Hensley,* 461 U.S. at 434. Moreover, Plaintiff contends that, post-appeal, "Plaintiff's application for prejudgment interest only concerned the $350,000 compensatory damages award" and that "any further activity by Plaintiff's counsel did not consider prejudgment interest on the entire award" including punitive damages. *Pltf. Br. Reply* at 8.

The Court finds that counsel's attorney fees should be reduced by the time spent arguing for prejudgment interest on punitive damages. As both the Third Circuit and the District Court recognized, it is well-settled that prejudgment interest is not available for an award of punitive damages. *See Nance,* 501 Fed. Appx. 123, 129, citing *Belinski v. Goodman,* 139 N.J. Super. 351, 360 (N.J. Super. Ct. App. Div. 1976). *See also* Docket Entry No. 254. As such, counsel's application for prejudgment interest on this ground was correctly denied. Nevertheless, the Court

8

declines to reduce counsel's award by 42% as suggested by Newark, as Plaintiff did not seek prejudgment interest on punitive damages at any time after the initial denial. The efforts that Plaintiff expended in seeking prejudgment interest are limited to the pre-appeal hours, which, as noted above, came to a total of 34 hours. As such, these are the only hours at risk of reduction. The Court shall, however, adopt Newark's suggestion that those applicable hours be reduced by the proposed 42%, which represents the amount of punitive damages as a percentage of Plaintiff's entire $600,000 damage award. This results in a reduction of Plaintiff's pre-appeal hours from 34 to 19.72.

2. Fee Enhancement

Plaintiff additionally requests a fee enhancement in addition to the lodestar calculation as a result of "the complexity of legal services" provided and "the daunting task of convincing the trial court to reverse its previous Order[.]" *Affidavit in Support of Motion for Attorney Fees* at ¶14-16; Docket Entry No. 287-1. Newark argues that "obtaining prejudgment interest was in [no] way extraordinarily complex, consuming, overwhelming, or was unlikely to succeed." Thus, Newark submits that an enhancement is not warranted. *Newark's Br. Opp.* at 12.

There is a "strong presumption" that the lodestar represents the reasonable attorney fee to be awarded. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Nonetheless, the Supreme Court has held that "in some cases of exceptional success an enhanced award may be justified." *Hensley,* 461 U.S. at 435. Furthermore, New Jersey recognizes a contingency enhancement based upon the risk of nonpayment. *See Rendine,* 141 N.J. at 329 ("[T]he trial court, after having carefully established the amount of the lodestar fee, should consider whether to increase that fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome.").

The Court is not persuaded that a fee enhancement is warranted for counsel's efforts in obtaining prejudgment interest. While the procedural history of this case is indeed lengthy and many of the issues complex, the issue of prejudgment interest is not novel or complex and the Court is constrained by the strong presumption that the lodestar constitutes the reasonable fee. Moreover, Plaintiff has not demonstrated a risk of nonpayment from Defendant. Indeed, Plaintiff's counsel has already received approximately $750,000 in attorney's fees for this case. Accordingly, Plaintiff's request for a fee enhancement is denied.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion is GRANTED IN PART and Newark shall reimburse Plaintiff's counsel in the amount of $39,488.00.[3]   An appropriate Order accompanies this Opinion.


Dated: July 16, 2014

s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff's initial fee application of $45,200.00, minus $5,712.00 (14.28 hours x $400/hour) deducted by the Court.