UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X

DARREN NANCE,

        Plaintiff

vs.

CITY OF NEWARK ET. ALS.,

        Defendants

————————————————————X

**BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE
AND MOTION FOR JUDGMENT**

SAMUEL J. HALPERN
ATTORNEY AT LAW
347 MT. PLEASANT AVE.
SUITE 203
WEST ORANGE, NJ 07052
(973)669-9660
Fax669-8960
Email: sjhalp@aol.com
ATTORNEY FOR PLAINTIFF
DARREN NANCE

## TABLE OF CONTENTS

| Section | Page no. |
|---|---|
| PROCEDURAL HISTORY AND STATEMENT OF FACTS | 1 |
| ARGUMENT | |
| POINT I THE COURT SHOULD NOW HOLD THE DEFENDANT CITY OF NEWARK IN CIVIL CONTEMPT PURSUANT TO F.R.C.P. 70(c) FOR ITS STEADFAST REFUSAL TO COMPLY WITH TWO COURT ORDERS REQUIRING IT TO PAY NANCE HIS MITIGATED BACK WAGES | 2 |
| A. Failure to pay mitigated back wages and fund Nance's retirement | 2 |
| B. Failure to provide health isurance as well as retirement status credentials | 3 |
| POINT II THE COURT SHOULD ENTER JUDGMENT IN THE AMOUNTOF $980,942.97 UNDER F.R.C.P. 58 SO THAT PLAINTIFF MAY SEEK A WRIT IOF ATTACHMENT | 4 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

### Cases Cited.

| | |
|---|---|
| Local Union No. 1992 of International Brotherhood of Electrical Workers vs. Okonite Co., 358 F. 3d 278 (3d Cir. 2004) | 4 |

### United States Code Cited

| | |
|---|---|
| 28 U.S.C. sec. 1961 | 4 |

### New Jersey Statutes Annotated Cited

| | |
|---|---|
| N.J.S.A. 43-16A-15(4) | 2 |

N.J.S.A. 43:16A-15((7) . . . . . . . 2

N.J.S.A. 43:16A-15(9) . . . . . . 2

### Federal Rules Cited

F.R.C.P 58 . . . . . . . . 1,4

F.R.C.P. 58(d) . . . . . . . 4

F.R.C.P. 70(c) . . . . . . . 2,4

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

This matter comes before the Court on order to show cause as to why Defendants should not be held in civil contempt pursuant to F.R.C.P. 70(e) for wilfully disobeying two Orders of the Court requiring them to pay Plaintiff Darren Nance his mitigated back wages in the amount of $980,942.96, to fund his retirement allowance, to provide Plaintiff with medical benefits and to issue his retirement status credentials. In addition, Plaintiff moves for judgment in accordance with F.R.C.P. 58 which will enable him to obtain a writ of attachment or sequestration as well as attorneys fees and costs. While Defendants have complied with that portion of the Court's Orders relating to a full breakdown of the mitigated wages, it has still failed to pay Plaintiff said wages and has otherwise failed to fund his retirement allowance.

Affidavits in support of the order to show cause and motion demonstrate that, nearly a year after the Court issued its original order correcting the jury verdict to provide for full mitigated back wages, Defendants have refused to pay said award, have refused to provide the medical coverage ordered and have also refused to provide Plaintiff with his retirement status credentials

ARGUMENT

POINT I

THE COURT SHOULD NOW HOLD THE DEFENDANT CITY OF NEWARK IN CIVIL CONTEMPT PURSUANT TO F.R.C.P. 70 (e) FOR ITS STEADFAST REFUSAL TO COMPLY WITH TWO COURT ORDERS REQUIRING IT TO PAY NANCE HIS MITIGATED BACK WAGES

Plaintiff will rely on prior counsel's discussion of the legal standards governing civil contempt and will incorporate them herein.

A. Failure to pay mitigated back wages and fund Nance's retirement

It is axiomatic that Plaintiff must receive compensation in the form of his mitigated back pay in order to receive his additional 14 years of service credit through the NJ Police & Firemen's Retirement System (PFRS). From his salary, the City of Newark is mandated to deduct the 10% annuity contribution pursuant to N.J.S.A. 43:16A-15 (7). Separately, the City of Newark is required to pay the "normal contribution" which is required to fund the pension portion of Nance's retirement allowance. See N.J.S.A. 16A-15(4). The normal contribution is based on an actuarial computation. Where there is an unfunded liability, local employers, such as Newark, are also collectively responsible for payment of the "accrued liability contribution" pursuant to N.J.S.A. 43:16A-15(9). The statute separately addresses unfunded liabilities of the State.

Once Nance is paid his mitigated back wages, Newark will be responsible for payment of the normal contribution which will enable Nance to be credited with the additional 14 years' service and thus receive his retirement allowance. The City of Newark is entirely familiar with its obligation to remit these contributions to the Police & Firemen's Retirement System because it pays them every day on behalf of its employees. It also knows that, in order for Nance to receive his retirement

allowance, he must be paid his back wages. A pension cannot be paid on a reported salary which has not actually been paid. The fact is that for the past year, Newark has been pulling the wool over the Court's eyes by arguing that it has complied with all obligations under the several court orders. It has complied with portions of those orders relating to the salary breakdown and the personnel orders but it has refused to comply with the most important component, i.e. payment of Nance's mitigated back wages.

The New Jersey Division of Pensions & Benefits has been awaiting confirmation of said payment of Nance's mitigated back wages. See Cirigliano letter to Nance dated 1 14/2016 contained in Exhibit A to Nance's Affidavit as well as Cirigliano letter dated 9/23/2016 which is annexed as Exhibit D to the Halpern Certification.

B. Failure to provide health insurance as well as retirement status credentials

Newark was further required to provide Nance with health insurance as mandated in the Court Orders and also provide retirement credentials. Newark has done neither. As noted by the Halpern Affidavit, a request was directed to Mr. Scott requesting that his client issue retirement credentials, including a certification tag and badge. However Mr. Scott never replied.

Accordingly, in view of Newark's willful and deliberate refusal to (1) pay Nance his full mitigated back wages and (2) deduct same from said wages Nance's annuity contributions and (3) remit same to the Division of Pensions & Benefits together with Newark's normal employer contribution and to otherwise comply with the Court's Orders concerning the provision for health coverage and issuance of retirement credentials, this Court should now hold Newark in civil contempt and order sanctions, including attorneys fees and costs.

## POINT II

### THE COURT SHOULD ENTER JUDGMENT IN THE AMOUNT TO $980,942.97 UNDER F.R.C.P. 58 SO THAT PLAINTIFF MAY SEEK A WRIT OF ATTACHMENT

F.R.C.P. 58(d) permits a party to request entry of a judgment in a separate document. Local Union No. 1992 of International Brotherhood of Electrical Engineers vs. Okonite Co., 358 F. 3rd. 278, 284-5 (3d Cir. 2004).. That isthe purpose of the present motion. A judgment will then enablePlaintiff to request a writ ofattachment or sequestration against Newark's property in accordance with F.R.C.P. 70(c). The rule further provides that the Court may tax costs against the disobedient party related to transferring the property which Plaintiff will seek once the transfer is completed. A judgment will further accrue interest pursuant to 28 U.S.C. sec. 1961.

Plaintiff is clearly entitled to a judgment because the back wages originally ordered by the Court nearly a tear ago remain unpaid. Newark appears to have no intention of complying with the Court's Orders. Nance still cannot formally retire and receive his retirement benefits because the service credit ordered by the Court has not been paid for. Only a judgment will enable him to unilaterally obtain relief by attaching City property.

4

## CONCLUSION

For the reasons hereinbefore set forth, Plaintiff respectfully urges the Court to order sanctions against the Defendant City of Newark for its willful and deliberate refusal to comply with two Court Orders mandating the payment of Nance's back wages as well as failure to provide medical insurance and retirement status credentials. In addition, Nance requests that the Court grant him a judgment which will enable him to seek a writ of attachment.

Respectfully submitted,

_____
SAMUEL J. HALPERN
ATTORNEY FOR PLAINTIFF

Dated: November 7, 2016