**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARREN NANCE,
          Plaintiff,

v.

CITY OF NEWARK, et al.,
          Defendants.

Civil Action No.: 97-6184 (JLL)

**OPINION**

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Darren Nance's Order to Show Cause and Motion for Judgment. (ECF No. 323). Defendant City of Newark has submitted an opposition (ECF No. 324), which Plaintiff has replied to (ECF No. 325). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's application in its entirety.

## FACTS

Plaintiff was formerly employed as a police officer by Defendant. However, due to various alleged reasons, Plaintiff was terminated on September 3, 1996. (*See* Plaintiff's Complaint (ECF No. 1) at ¶ 52). Believing his termination was improper, Plaintiff instituted the within action on December 18, 1997. On June 9, 2010, the action was tried before the Honorable Dennis M. Cavanaugh and on June 25, 2010 a jury returned, a verdict in Plaintiff's favor. (*See* ECF Nos. 195, 215). The jury awarded Plaintiff $350,000 in compensatory damages and $250,000 in punitive damages. (*See* Jury Verdict Sheet (ECF No. 215)). The Jury Verdict Sheet explicitly advised that

compensatory damages included Plaintiff's lost wages. (*Id.*).

On February 2, 2015, Plaintiff, by way of counsel, submitted correspondence to this Court requesting assistance in collecting his pension benefits. (ECF No. 297). Specifically, Plaintiff was advised by New Jersey's Department of Treasury that the jury "award must indicate the period of the award (from date and to date) and amount of award" in order for him to collect his pension and receive years-of-service credits for the period between his termination and the jury award. (ECF No. 297-1). Additionally, the award also needed to include the total value of mitigated damages Plaintiff was awarded. (*Id.*). Because the jury verdict sheet did not contain this information, Plaintiff was incapable of having his pension reinstated with back pay and service. (*Id.*). Therefore, this Court entered an Order on June 25, 2015 delineating, "the period of time applicable to the jury award of $350,000 … and that the amount of mitigated wagers [was] $350,000." (ECF No. 298).

On November 25, 2015, Plaintiff, through counsel, submitted additional correspondence regarding the total amount of mitigated wages and seeking an Amended Order. (ECF No. 299). Specifically, Plaintiff submitted a letter "from the State of New Jersey with the correct amount of mitigated wages of $980,942.97 instead of the $350,000" that was referenced in the June 25, 2015 Order. (*Id.*). Therewith, Plaintiff enclosed a Proposed Amended Order which read, in pertinent part, "that the amount of mitigated wages [was] $980,942.97." (ECF No. 299-1). This Court executed the Amended Order on November 30, 2015. (ECF No. 300).

Thereafter, Plaintiff brought an Order to Show Cause on March 23, 2016. (ECF No. 301). There, Plaintiff sought to "enforce compliance with the" November 30, 2015 Order. (*Id.* at 4). Defendant opposed the application and the Court entertained oral argument on May 31, 2016.

2

(ECF Nos. 305, 312). The Court denied Plaintiff's Order to Show Cause holding that Plaintiff failed to meet his burden. (ECF No. 314 ¶ 12). Defendant explained that it had submitted the necessary paperwork regarding Plaintiff's pension and Plaintiff needed to take the appropriate steps to finalize the process. (*Id.*). The Court was satisfied Defendant had complied with the November 30, 2015 Order and denied the application in its entirety. (*Id.*).

Plaintiff now brings this nearly identical Order to Show Cause and Motion for Judgment claiming that the he is owed the mitigated wages of $980,942.97 referenced in the November 30, 2015 Order as back pay. (ECF No. 323).

## ANALYSIS

In essence, the pending application asks this Court to award Plaintiff additional monies not contemplated by the jury. Said differently, Plaintiff asks this Court nearly six-and-a-half years later to amend a jury's determination of his damages. Plaintiff's application fails for numerous reasons. Plaintiff's argument that the Court needs to enforce the additional award of nearly one-million dollars as a part of his jury award is unpersuasive. According to Plaintiff, this additional sum constitutes his unpaid wages for the period of time from when he was improperly terminated through the date of the jury award. Accepting this logic would require the Court to give Plaintiff additional damages that the jury did not actually award Plaintiff. His entire argument rests on the premise that this Court entered an Order which stated that Plaintiff's mitigated wages were equal to $980,942.97. However, the jury was presented with the question regarding lost wages and determined that Plaintiff's total compensatory award, including any lost wages, was $350,000.[1]

---

[1] A true and accurate copy of the Jury Verdict Sheet (ECF No. 215) is annexed hereto as **Exhibit A**. Question 1(a) specifically instructed the jury to calculate compensatory damages "which … include[d] physical harm, emotional and mental harm *and lost wages (income)*. *See* **Exhibit A** (emphasis added).

As discussed, February 2, 2015, Plaintiff's counsel first requested an Order stating the total amount of Plaintiff's mitigated wages as New Jersey's Division of Treasury required said information in order for Plaintiff to receive "full service credit for the periods covered by the award."[2]   Indeed, New Jersey's Department of Treasury specifically advised Plaintiff that "[t]he award must indicate the period of the award (from date to date) and amount of award.  If member receives mitigated wages the award must indicate mitigated wages."  (*Id.*).  Based on Plaintiff's request this Court issued the June 25, 2015 Order to assist Plaintiff with complying with the Division of Treasury's requirement.[3]

Thereafter, on November 25, 2015, Plaintiff's counsel submitted a request for an Amended Order regarding Plaintiff's mitigated wages.[4]  Attached to Plaintiff's counsel's letter was a letter by Plaintiff where he explained that his pension system "notified him that [the] one (1) specific line concerning the mitigated wage amount in the Order that reads, '**ORDERED that the amount of mitigated wages is $350,000**' *had been inadvertently inserted.  The pensionable mitigated wage amount was not available to us when this Order was drafted...* Therefore, the compensatory jury verdict amount of $350,000 should not have been entered as the mitigated wage amount... *The correct 14-year mitigated wage amount has been calculated by the City of Newark and totals: $980,942.97, this is the amount that needs to be reflected in the amended Court Order.*"  (*Id.* (bold in original, italics added)).  Plaintiff goes on to explain that "the pension board [] advised [him] that due to the conflict between the [] Order['s] mitigated wage amount and the calculated (base

---

[2] A true and accurate copy of Plaintiff's February 2, 2015 Correspondence, with Exhibits from New Jersey's Department of Treasury, is annexed hereto as **Exhibit B**.

[3] A true and accurate copy of the June 25, 2015 Order is annexed hereto as **Exhibit C**.

[4] A true and accurate copy of Plaintiff's November 25, 2015 Correspondence, with Exhibits from New Jersey's Department of Treasury, is annexed hereto as **Exhibit D**.

pay) wage amount forwarded by the City of Newark, *the [] Order must be amended to reflect the correct mitigated wage amount prior to my pension being processed.*" (*Id.* (emphasis added)). Accordingly, this Court entered an Amended Order modifying the mitigated wage amount to $980,942.97, pursuant to Plaintiff and his attorney's request.[5]

Plaintiff fails to recognize that Order had nothing to do with the award of damages awarded by the jury. In fact, that Order was issued at the request of Plaintiff solely based on his representations that such an Amended Order was necessary and required by the State of New Jersey. Once again, the only purpose of the November 30, 2015 Order was to provide the State of New Jersey with Plaintiff's pensionable mitigated wages amount, based on a figure which was provided to the Court by Plaintiff, with the indication that said Order was needed to assist in the processing of his pension. In no way did this Court intend to increase Plaintiff's damages by that amount.

The Court reaches the same result if it were to view Plaintiff's application as a Motion to Alter or Amend the Judgment. First, "[a] motion to alter or amend the judgment must be filed *no later than 28 days after the entry of the judgment.*" Fed. R. Civ. P. 59(e)(emphasis added). Here, the judgment was entered on June 25, 2010. Thus, if this application were to be construed as a Motion to Alter or Amend the Judgment, it is untimely. Additionally, nowhere within Plaintiff's application does he explains how the jury award, as it stands, results in a "manifest injustice." *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)(quotations omitted). Hence, Plaintiff's application is insufficient and denied for these reasons.

---

[5] A true and accurate copy of the November 30, 2015 Amended Order is annexed hereto as **Exhibit E**.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Order to Show Cause and Motion for Judgment is hereby denied.

DATED: December 7ᵗ, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

6-25-10
4:00

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARREN M. NANCE,               :    CIVIL ACTION NO. 97-CV-6184
                               :         (DMC) (CCC)
          Plaintiff,           :
                               :
v.                             :
                               :
                               :    **VERDICT SHEET**
CITY OF NEWARK, NEWARK         :    **AS TO DAMAGES**
POLICE DEPARTMENT, et al.      :
                               :
          Defendants.          :
                               :
                               :
                               :

    1.   Now that you have found that Plaintiff has proved by a preponderance of the evidence that the City of Newark caused his employment to be terminated by retaliating against him for exercising his right to petition the Government in violation of the First Amendment of the Constitution and in violation of NJ Law Against Discrimination.

*Please continue to 1(a) or (b)*

    a.   Please state the amount that will fairly compensate Plaintiff for any injury which he actually sustained as a result of the City of Newark's conduct which shall include physical harm, emotional and mental harm and lost wages(income).When calculating lost wages(income) you should consider mitigating as I have instructed you.

Answer: $ _350,000_
(Fill in Dollar Figure)

1

b.   If you find that there is no compensatory damages, you shall award nominal damages of $1.00 as permitted by law.

Answer: $ _____
(Fill in Dollar Figure)

If you completed 1(a) please proceed to question 2(a).
If you completed 1(b) you have completed your deliberations.

2.a. Do you find that Plaintiff demonstrated by a clear and convincing evidence that the conduct of the City of Newark was especially egregious?

_✓_ Yes  ____ No

*If you answered NO, you have completed your deliberations.*
  *If you answered YES, please continue to Question 2(b).*

2.b. Do you find that Plaintiff demonstrated by a clear and convincing evidence that "upper management" employees of the City of Newark actually participated in, or were willfully indifferent to, the wrongful conduct?

_✓_ Yes  ____ No

*If you answered NO you have completed your deliberations.*
*If you answered YES to both these questions, please continue*
*to Question 2(c).*

2.c. What amount of punitive damages should be awarded against the City of Newark?

Answer: $ 250,000
(Fill in Dollar Figure)

When you have completed your deliberations, your foreperson should date and sign the verdict form below.

DATED this 25 day of June , 2010.

# EXHIBIT B

LAW OFFICES OF
# ANGELO R. BIANCHI, LLC

4 York Avenue, 2nd Floor
West Caldwell, New Jersey 07006
........

Angelo R. Bianchi *
Suzanne Janusz *

Telephone (973) 521-7151
Facsimile   (973) 521-7156
E-mail: bianchilaw@bianchilaw.net

\* NJ/NY Bar

January 16, 2015

The Honorable Jose L. Linares, U.S.D.J.
United States District Court
M.L. King, Jr., Federal Building & U.S. Courthouse
50 Walnut Street,
Newark, New Jersey 07102

Re:    **Nance v. City of Newark, et al.**
       **Docket No. 97-6184**

Dear Judge Linares:

I have been informed you have taken over Judge Dennis Cavanaugh's cases, and I am writing to you on behalf of my client, Darren Nance, regarding his problem with the New Jersey Division of Pensions and Benefits.  The following is a brief history of Mr. Nance's travails.

A complaint was field setting forth the fact that Darren Nance is an African-American male, employed as a police officer from October 16, 1989, until his involuntary separation from the department on September 3, 1996. in violation of 42.U.S.C. §1983 and 1988.  One of the counts of his complaint was a violation of New Jersey Law Against Discrimination.

The case went to trial.  A Verdict Sheet was prepared and the jury determined that Mr. Nance was subject to retaliation at the time and that the City of Newark violated his due process right, see attached copy of the Verdict Sheet.  There was then a Verdict Sheet as to Damages because the case was bifurcated and the jury awarded Mr. Nance $350,000.00 having found that the City of Newark was proven to have caused his employment to be terminated by retaliating against him for exercising his right to petition the government, in violation of 1st Amendment of the Constitution, a violation of New Jersey Law Against Discrimination. The jury also awarded punitive damages in the amount of $250,000.00, see attached copy of Verdict Sheet as to Damages.

On June 24, 2010, after the verdict, we sought pre-judgment interest on behalf of Mr. Nance. That request was opposed by the City of Newark and on May 2, 2011, Judge Cavanaugh denied pre-judgment interest by Order of that date. see attached copy of Order. Mr. Nance filed a pro se appeal with the Third Circuit Court of Appeals, referencing the issue of pre-judgment interest. The Third Circuit Court of Appeals ordered that the matter be referred

LAW OFFICES OF
ANGELO R. BIANCHI, LLC

The Honorable Jose L. Linares, U.S.D.J.
January 16, 2015
Page Two

Re:   **Nance v. City of Newark, et al.**
      **Docket No. 97-6184**

back to the District Court to have the matter addressed on the issue of pre-judgment interest more thoroughly. Briefs were filed and by Opinion of January 30, 2014, see attached copy of Opinion, Judge Cavanaugh granted Plaintiff's request for pre-judgment interest on the jury award of compensatory damages.

The Division of Treasury in response to Mr. Nance's request seeking full service credit for the periods covered by the award forwarded a letter dated March 21, 2013, see attached copy of letter, signed by Salvatore J. Cirigliano advising what materials had to be presented to satisfied their requests and advised that before they could reinstate Mr. Nance's pension benefits that we would have to go back to court. On March 28, 2013, a letter was forwarded to Judge Cavanaugh enclosing the letter from the Division of Pension and Benefits regarding Mr. Nance requesting the court to provide an Order to comply with the request of the Division of Pensions and Benefits, see attached copy of letter. I, again, wrote to Judge Cavanaugh on October 17, 2013, see attached copy of letter, to make a determination concerning our request regarding pension benefits, and I called the court's attention to my letter of March 28, 2013.

Judge Cavanaugh did not reply to our request concerning pension, but granted pre-judgment interest. In light of the above, I am seeking Your Honor's assistance as to how to proceed.

Thank you for your courtesies and cooperation.

Respectfully submitted,

**Law Offices of Angelo R. Bianchi, LLC**


By: _Angelo R Bianchi_
     ANGELO R. BIANCHI, ESQ.

Attachments

3 - 56220
NANCE



MAILING ADDRESS:
PO Box 295
TRENTON, NJ 08625-0295

LOCATION:
50 WEST STATE STREET
TRENTON, NEW JERSEY

**State of New Jersey**
DEPARTMENT OF THE TREASURY
DIVISION OF PENSIONS AND BENEFITS
(609) 292-7524   TDD (609) 292-7718
www.state.nj.us/treasury/pensions

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

ANDREW P. SIDAMON-ERISTOFF
*State Treasurer*

FLORENCE J. SHEPPARD
*Acting Director*

March 21, 2013

Law Offices of Angelo R. Bianchi, LLC
4 York Avenue, 2nd Floor
West Caldwell, NJ 07006

Re: Darren Nance
PFRS# 56220

Dear Mr. Bianchi,

This is in response to your letter dated March 8, 2013 and our telephone conversation today concerning the above member.

Per NJAC17:1-2.18 a member that appeals a suspension or termination of the member's employment and who, by award or settlement, becomes entitled to full pay for all or a portion of that employment for the period of such suspension or termination shall receive service credit for the period covered by covered award or settlement provided a full normal pension contribution is received from the member or is deducted from the award.

The award must indicate the period of the award (from date and to date) and amount of award. If member receives mitigated wages the award must indicate mitigated wages and the Certifying Officer of Newark City must send a letter with the premitigated wages breakdown. The member's contributions would be based on the salaries this employee would have earned for the reinstated period. The employer should also forward a check for the contributions that should be collected from member.

Since we do not have a copy of any legal documents that indicates the above, the parties need to go back to court before this member can be reinstated with back pay and service.

Sincerely,

Salvatore J. Cirigliano
Accountant I
Audit/ Billing Section

C: member

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DARREN M. NANCE,

              Plaintiff,

   vs.

CITY OF NEWARK, NEWARK
POLICE DEPARTMENT, et al.,

              Defendants.

Civil Action No. 97-6184

**Hon. Jose L. Linares, U.S.D.J.**

**ORDER**

**THIS MATTER** having been opened to the Court by the Plaintiff Darren M. Nance for an Order stating the time period covered by the jury award for compensatory damages in the above-referenced matter, relating to back pay;

**WHEREFORE,** a jury verdict was entered in the above-referenced matter on June 24, 2010, determining that the Defendant City of Newark unlawfully terminated the Plaintiff from his employment with the Newark Police Department on September 3, 1996;

**WHEREFORE,** a jury verdict as to damages was entered in the above-referenced matter on June 25, 2010, awarding the Plaintiff Darren M. Nance the amount of $350,000.00 for compensatory damages for injuries the Plaintiff sustained as a result of the Defendant City of Newark's conduct;

**WHEREFORE,** the amount of $350,000.00 for compensatory damages for injuries the Plaintiff sustained was based upon lost wages, among other injuries;

**WHEREFORE,** pursuant to N.J.A.C. 17:1-2.18, a member who appeals the suspension or termination of the member's employment is entitled to a service credit, with regard to the member's pension from the State of New Jersey, for the period of time covered by a jury award for full back pay during a period of suspension or termination;

**WHEREFORE,** pursuant to N.J.A.C. 17:1-2.18, the Plaintiff Darren M. Nance is entitled to a service credit, with regard to his pension from the State of New Jersey, for the period of time covered by the jury award for full back pay during the period of termination;

**WHEREFORE,** the State of New Jersey, Department of the Treasury, Division of Pension and Benefits has requested a determination of the time period applicable to the jury verdict for pay awarded during the period of termination, and the amount of mitigated wages;

**WHEREFORE,** the State of New Jersey, Department of the Treasury, Division of Pension and Benefits requires the Defendant City of Newark to provide a letter stating a breakdown of the pre-mitigated wages;

**WHEREFORE,** the Plaintiff Darren M. Nance is entitled to a service credit for the period of time covered by the jury award for full back pay during the period of termination, thus the Plaintiff is entitled to receive pension benefits from the State of New Jersey in accordance with his total years of service, as well as medical insurance benefits and retirement status from the City of Newark;

*IT IS* on this 25 day of June, 2015;

**ORDERED** that the period of time applicable to the jury award of $350,000.00 for compensatory damages is from September 3, 1996, the date that the Defendant City of Newark unlawfully terminated the Plaintiff Darren M. Nance from his employment, to June 25, 2010, the date of the jury verdict;

**ORDERED** that the amount of mitigated wages is $350,000.00;

**ORDERED** that the Defendant City of Newark shall provide a letter stating a breakdown of the pre-mitigated wages, as requested by the State of New Jersey, Department of the Treasury, Division of Pension and Benefits.

**ORDERED** that the Plaintiff Darren M. Nance shall receive pension benefits from the State of New Jersey in accordance with his total years of service, which shall include a service credit for the period of time from September 3, 1996, the date of the unlawful termination, to June 25, 2010, the date of the jury verdict;

**ORDERED** that the Plaintiff Darren M. Nance shall receive medical insurance benefits and retirement status from the City of Newark in accordance with his total years of service, which shall include the service credit for the period of time from September 3, 1996, the date of the unlawful termination, to June 25, 2010, the date of the jury verdict.

JOSE L. LINARES, U.S.D.J.

# EXHIBIT D

LAW OFFICES OF

# ANGELO R. BIANCHI, LLC

4 York Avenue, 2nd Floor
West Caldwell, New Jersey 07006
––––––

Angelo R. Bianchi *

Telephone (973) 521-7151
Facsimile   (973) 521-7156
E-mail: *bianchilaw@bianchilaw.net*

* NJ/NY Bar

November 25, 2015

The Honorable Jose L. Linares, U.S.D.J.            **"Document Filed Electronically"**
United States District Court
M.L. King, Jr., Federal Bldg & U.S. Courthouse
50 Walnut Street,
Newark, New Jersey 07102

**Re:    Nance v. City of Newark, et al.**
**Docket No. 97-6184**

Dear Judge Linares:

Enclosed please find an Amended Order regarding Darren Nance's receipt of pension benefits
from the State of New Jersey with the correct amount of mitigated wages of $980,942.97 instead
of $350,000.00, which was originally signed by Your Honor on June 25, 2015 (copy of letter and
Order enclosed).

Additionally, I am also enclosing a copy of Mr. Nance's letter to me explaining the need for the
Amended Order, a copy of a letter from the City of Newark, and a copy of the correct wage
calculations from the City of Newark for your review.

Thank you for your courtesies and cooperation.

Respectfully submitted,

**Law Offices of Angelo R. Bianchi, LLC**

S:/ ANGELO R. BIANCHI
    ANGELO R. BIANCHI, ESQ.

Enclosures

November 23, 2015

Angelo Bianchi, Esq.
4 York Avenue
West Caldwell, NJ 07006

RE: June 25, 2015 Court Order

Mr. Darren M. Nance
71 Treacy Avenue
Newark, NJ 07108

Dear Mr. Bianchi,

I am writing this letter to explain the need to have the June 25, 2015 Court Order signed by the honorable Jose L. Linares, amended. Upon presentation of the Order to the City of Newark and the Police and Fire Pension Retirement System, I have been notified that one (1) specific line concerning the mitigated wage amount in the Order that reads, **"ORDERED that the amount of mitigated wages is $350,000"** had been inadvertently inserted. The pensionable mitigated wage amount was not available to us when this Order was drafted by your assistant staff attorney Suzanne in June of 2015. Therefore, the compensatory jury verdict amount of $350,000 should not have been entered as the mitigated wage amount into the present Order. The correct 14-year mitigated wage amount has been calculated by the City of Newark and totals: **$980,942.97**, this is the amount that needs to be reflected in the amended Court Order. The City of Newark has forwarded the aforestated mitigated wage amount to the New Jersey Police and Firemans Pension System and the pension board has advised that due to the conflict between the standing Order mitigated wage amount and the calculated (base pay) wage amount forwarded by the City of Newark, the standing Order must be amended to reflect the correct mitigated wage amount prior to my pension being processed. My pension is currently being held in abeyance and I cannot officially retire until the Order is corrected/amended with respect to the **sole issue of the incorrect mitigated wage amount.** I am attaching the wage calculation figures processed by the City of Newark along with this letter so that you may attach same along with an accompanying letter to Judge Linares explaining the need for, and showing proof for, the Order being amended. This process should simply require a letter of explanation for the amended Order to Judge Linares and filing same electronically which should resolve the issue. I would appreciate your attention to this matter as this situation is now approaching six-months since the Order was signed and supposed to have been effectuated by the City of Newark.

Sincerely,

Mr. Darren M. Nance

cc: 11/23/15, via email delivery



### CITY OF NEWARK
Mayor Ras J. Baraka

**Department of Administration**
Division of Personnel

**Kecia Daniels**
Director

920 Broad Street, Room 212
Newark, NJ 07102
PH: 073-733-8008
Fax: 073-622-1906

### VIA REGULAR MAIL

September 4, 2015

NJ Division of Pensions & Benefits
Client Services
P.O. Box 295
Trenton, NJ 08625-0295

RE:   Darren M. Nance PFRS 56220 SS#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

To Whom It May Concern:

Enclosed, pleased find a copy of the Certification of Service and Final Salary for Mr. Nance.

Also enclosed is the Court Order, for your reference.

If I can be of additional assistance, please do not hesitate to let me know.

Sincerely,

Kecia Daniels

| 1 | 2 | 3 | 4 | 11 | 12 |
|---|---|---|---|---|---|
| Name | SSN | Empl ID | Hire Date | 10/16/1989 | Sr. Step Anniv | #of Days Before Split (Base Salary) |

| Name | SSN | Empl ID | Hire Date | 10/16/1989 | Sr. Step Anniv | #of Days Before Split (Base Salary) |
|---|---|---|---|---|---|---|
| Nance,Darren | | | 1/1/1996 | 12/31/1996 | 10/16/1998 | 207 |
| | | | 1/1/1997 | 12/31/1997 | 10/16/1998 | 206 |
| | | | 1/1/1998 | 12/31/1998 | At Sr.Step | 206 |
| | | | 1/1/1999 | 12/31/1999 | At Sr.Step | 206 |
| | | | 1/1/2000 | 12/31/2000 | At Sr.Step | 205 |
| | | | 1/1/2001 | 12/31/2001 | At Sr.Step | 206 |
| | | | 1/1/2002 | 12/31/2002 | At Sr.Step | 206 |
| | | | 1/1/2003 | 12/31/2003 | At Sr.Step | 206 |
| | | | 1/1/2004 | 12/31/2004 | At Sr.Step | 207 |
| | | | 1/1/2005 | 12/31/2005 | At Sr.Step | 205 |
| | | | 1/1/2006 | 12/31/2006 | At Sr.Step | 205 |
| | | | 1/1/2007 | 12/31/2007 | At Sr.Step | 206 |
| | | | 1/1/2008 | 12/31/2008 | At Sr.Step | 207 |
| | | | 1/1/2009 | 12/31/2009 | At Sr.Step | 206 |
| | | | 1/1/2010 | 12/31/2010 | At Sr.Step | 260 |

| 14 | 22 | 23 | 29 | 30 | 31.00 | 32.00 | 33 |
|---|---|---|---|---|---|---|---|
| #of Days After Split (Base Salary) | Sr.Pay Split in ? | Step as of 1/1/ | What New Base Salary Should be as of 1/1/ | What New Base Yr End Salary Should be as of 12/31/ | What New Base Salary Before Split as of 1/1/ | What New Base Salary After Split as of 12/31/ | What Total Yr End New Base Salary Should be as of 12/31/ |
| 55 | --- | 5th | 48,551.00 | 48,551.00 | 38,505.97 | 10,231.05 | 48,737.02 |
| 55 | --- | 5th | 48,551.00 | 48,551.00 | 38,319.95 | 10,231.05 | 48,551.00 |
| 55 | Yes | Sr.Pay | 53,526.00 | 55,132.00 | 42,246.57 | 11,617.85 | 53,864.43 |
| 55 | --- | Sr.Pay | 55,132.00 | 55,132.00 | 43,514.15 | 11,617.85 | 55,132.00 |
| 55 | --- | Sr.Pay | 55,132.00 | 55,132.00 | 43,302.91 | 11,617.85 | 54,920.77 |
| 55 | --- | Sr.Pay | 55,132.00 | 55,132.00 | 43,514.15 | 11,617.85 | 55,132.00 |
| 55 | --- | Sr.Pay | 55,132.00 | 55,132.00 | 43,514.15 | 11,617.85 | 55,132.00 |
| 55 | --- | Sr.Pay | 66,592.24 | 66,592.24 | 52,559.39 | 14,032.85 | 66,592.24 |
| 55 | --- | Sr.Pay | 69,255.93 | 69,255.93 | 54,927.12 | 14,594.16 | 69,521.28 |
| 55 | --- | Sr.Pay | 72,026.17 | 72,026.17 | 56,572.28 | 15,177.93 | 71,750.21 |
| 55 | --- | Sr.Pay | 74,907.22 | 74,907.22 | 58,835.17 | 15,785.05 | 74,620.22 |
| 55 | --- | Sr.Pay | 77,903.51 | 77,903.51 | 61,487.06 | 16,416.45 | 77,903.51 |
| 55 | --- | Sr.Pay | 81,019.65 | 81,019.65 | 64,256.98 | 17,073.11 | 81,330.07 |
| 55 | --- | Sr.Pay | 82,842.58 | 82,842.58 | 65,385.33 | 17,457.25 | 82,842.58 |
| 1 | --- | Sr.Pay | 84,913.65 | 84,913.65 | 84,588.31 | 325.34 | 84,913.65 |

| 38.0000 | 43 | 44 | X 50 | 53 | 56 | 57 | X 69 | X 74 | |
|---|---|---|---|---|---|---|---|---|---|
| What Hrly rate should be | Hrs | # of Workdays Pd for Based on PS "Hrs" | Base Salary | Long Split in ? | Long% As of 1/1/ | Long% As of 12/31/ | Long Pay | Holiday Pay | YEAR |
| 23.1636 | 2096 | 262 | 48,737.02 | --- | 4% | 4% | 1,949.48 | 2,514.98 | 1996 |
| 23.2524 | 2088 | 261 | 48,551.00 | --- | 4% | 4% | 1,942.04 | 2,514.98 | 1997 |
| 25.6351 | 2088 | 261 | 53,864.43 | Yes | 4% | 6% | 2,386.93 | 2,801.79 | 1998 |
| 26.4042 | 2088 | 261 | 55,132.00 | --- | 6% | 6% | 3,307.92 | 2,910.80 | 1999 |
| 26.5058 | 2080 | 260 | 54,920.77 | --- | 6% | 6% | 3,296.25 | 2,910.80 | 2000 |
| 26.4042 | 2088 | 261 | 55,132.00 | --- | 6% | 6% | 3,307.92 | 2,910.80 | 2001 |
| 26.4042 | 2088 | 261 | 55,132.00 | --- | 6% | 6% | 3,307.92 | 2,910.80 | 2002 |
| 31.8928 | 2088 | 261 | 66,592.24 | Yes | 6% | 8% | 4,276.19 | 3,529.85 | 2003 |
| 33.0420 | 2096 | 262 | 69,521.28 | --- | 8% | 8% | 5,561.70 | 3,725.49 | 2004 |
| 34.6280 | 2080 | 260 | 71,750.21 | --- | 8% | 8% | 5,740.02 | 3,874.51 | 2005 |
| 36.0131 | 2080 | 260 | 74,620.22 | --- | 8% | 8% | 5,969.62 | 4,029.49 | 2006 |
| 37.3101 | 2088 | 261 | 77,903.51 | --- | 8% | 8% | 6,232.28 | 4,190.67 | 2007 |
| 38.6544 | 2096 | 262 | 81,330.07 | Yes | 8% | 10% | 6,847.87 | 4,375.24 | 2008 |
| 39.6756 | 2088 | 261 | 82,842.68 | --- | 10% | 10% | 8,284.26 | 4,538.88 | 2009 |
| 40.6675 | 2088 | 261 | 84,913.65 | --- | 10% | 10% | 8,491.37 | 5,725.98 | 2010 |

| Step | Base Pay | Long% | Long Pay | Holiday Pay | Total Pay | |
|---|---|---|---|---|---|---|
| 5th | 48,737.02 | 4% | 1,949.48 | 2,514.98 | 53,201.52 | |
| 5th | 48,551.00 | 4% | 1,942.04 | 2,514.98 | 53,008.06 | |
| 5th/Sr.Pay | 53,864.43 | 4% to 6% | 2,386.93 | 2,801.79 | 59,053.16 | |
| Sr.Pay | 55,132.00 | 6% | 3,307.92 | 2,910.80 | 61,350.78 | |
| Sr.Pay | 54,920.77 | 6% | 3,295.25 | 2,910.80 | 61,126.87 | |
| Sr.Pay | 55,132.00 | 6% | 3,307.92 | 2,910.80 | 61,350.78 | |
| Sr.Pay | 55,132.00 | 6% | 3,307.92 | 2,910.80 | 61,350.78 | |
| Sr.Pay | 66,592.24 | 6% to 8% | 4,276.19 | 3,529.85 | 74,398.28 | |
| Sr.Pay | 69,521.28 | 8% | 5,561.70 | 3,725.49 | 78,808.55 | |
| Sr.Pay | 71,750.21 | 8% | 5,740.02 | 3,874.51 | 81,364.82 | |
| Sr.Pay | 74,620.22 | 8% | 5,969.62 | 4,029.49 | 84,619.41 | |
| Sr.Pay | 77,903.61 | 8% | 6,232.28 | 4,190.67 | 88,326.54 | |
| Sr.Pay | 81,330.07 | 8% to 10% | 6,847.87 | 4,375.24 | 92,553.18 | |
| Sr.Pay | 82,842.58 | 10% | 8,284.26 | 4,538.88 | 95,665.82 | |
| Sr.Pay | 84,913.65 | 10% | 8,491.37 | 5,725.98 | 99,131.09 | |
| Total: | 980,942.97 | | 70,900.76 | 53,465.07 | 1,105,309.64 | |

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DARREN M. NANCE,         :      Civil Action No. 97-6184
                               :
               Plaintiff,     :
                               :      **Hon. Jose L. Linares, U.S.D.J.**
    vs.                      :
                               :      **"Document Filed Electronically"**
CITY OF NEWARK, NEWARK    :
POLICE DEPARTMENT, et al.,     :
                               :      **AMENDED ORDER**
                Defendants.   :

**THIS MATTER** having been opened to the Court by the Plaintiff Darren M. Nance for an Order stating the time period covered by the jury award for compensatory damages in the above-referenced matter, relating to back pay;

**WHEREFORE,** a jury verdict was entered in the above-referenced matter on June 24, 2010, determining that the Defendant City of Newark unlawfully terminated the Plaintiff from his employment with the Newark Police Department on September 3, 1996;

**WHEREFORE,** a jury verdict as to damages was entered in the above-referenced matter on June 25, 2010, awarding the Plaintiff Darren M. Nance the amount of $350,000.00 for compensatory damages for injuries the Plaintiff sustained as a result of the Defendant City of Newark's conduct;

**WHEREFORE,** the amount of $350,000.00 for compensatory damages for injuries the Plaintiff sustained, among other injuries;

**WHEREFORE,** pursuant to N.J.A.C. 17:1-2.18, a member who appeals the suspension or termination of the member's employment is entitled to a service credit, with regard to the

member's pension from the State of New Jersey, for the period of time covered by a jury award for full back pay during a period of suspension or termination;

   **WHEREFORE,** pursuant to N.J.A.C. 17:1-2.18, the Plaintiff Darren M. Nance is entitled to a service credit, with regard to his pension from the State of New Jersey, for the period of time covered by the jury award for full back pay during the period of termination;

   **WHEREFORE,** the State of New Jersey, Department of the Treasury, Division of Pension and Benefits has requested a determination of the time period applicable to the jury verdict for pay awarded during the period of termination, and the amount of mitigated wages;

   **WHEREFORE,** the State of New Jersey, Department of the Treasury, Division of Pension and Benefits requires the Defendant City of Newark to provide a letter stating a breakdown of the pre-mitigated wages;

   **WHEREFORE,** the Plaintiff Darren M. Nance is entitled to a service credit for the period of time covered by the jury award for full back pay during the period of termination, thus the Plaintiff is entitled to receive pension benefits from the State of New Jersey in accordance with his total years of service, as well as medical insurance benefits and retirement status from the City of Newark;

   *IT IS* on this 30 day of November, 2015;

   **ORDERED** that the period of time applicable to the jury award of $350,000.00 for compensatory damages is from September 3, 1996, the date that the Defendant City of Newark unlawfully terminated the Plaintiff Darren M. Nance from his employment, to June 25, 2010, the date of the jury verdict; and it is further

   **ORDERED** that the amount of mitigated wages is $980,942.97; and it is further

2

**ORDERED** that the Plaintiff Darren M. Nance shall receive pension benefits from the State of New Jersey in accordance with his total years of service, which shall include a service credit for the period of time from September 3, 1996, the date of the unlawful termination, to June 25, 2010, the date of the jury verdict; and it is further

**ORDERED** that the Plaintiff Darren M. Nance shall receive medical insurance benefits and retirement status from the City of Newark in accordance with his total years of service, which shall include the service credit for the period of time from September 3, 1996, the date of the unlawful termination, to June 25, 2010, the date of the jury verdict.

JOSE L. LINARES, U.S.D.J.

3